OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff’s intestate was killed as the result of a 1969 motor vehicle accident on the New York State Thruway. Defendant Threatt, in whose vehicle decedent was a passenger, stopped to aid defendant Gadson whose car had a flat tire and was stopped in the extreme left-hand lane of three lanes of pavement. A third car, operated by defendant Hickson and owned by Humble Leasing Co., struck the rear of the Gadson vehicle propelling it forward and upon decedent. The car driven by Hickson rebounded into the middle lane where it came into contact with defendant Dworkin’s car. At the trial of this action instituted to recover for wrongful death and conscious pain and suffering, the complaint was dismissed as against Dworkin at the close of plaintiff’s case and subsequently the jury returned a verdict in favor of the remaining defendants.
On the subject of contributory negligence, the jury was charged in effect that, as to all defendants except Gadson, decedent was required to exercise the same degree of care that a reasonably prudent person would have exercised for his own *908 safety under the same circumstances. However, as to Gadson, the jury was instructed in substance that if an emergency situation existed decedent’s actions would have to be found rash and wanton in order to constitute contributory negligence.
Without determining whether an emergency situation existed here, it should be recognized that "[wjhether a plaintiff was contributorily negligent depends only on his conduct under the circumstances, including any emergency which may have confronted him, and should not depend upon whether any particular individual apart from himself created that emergency or affected his conduct” (Raimondo v Harding, 41 AD2d 62, 65; see, also, Hart v Scribner, 44 AD2d 59, 64; Restatement, Torts 2d, § 472, Comment b). In special findings made by the jury, it was found: (1) as to defendants Humble Leasing Co. and Hickson, that plaintiff established they were negligent and that defendants established decedent was contributorily negligent; (2) as to defendant Gadson, that plaintiff established he was negligent and that defendants established decedent was contributorily negligent; and (3) as to defendant Threatt, that plaintiff did not establish said defendant was negligent. It is obvious that the jury recognized the basic issues for what they were—factual determinations of whether under the circumstances the respective defendants were negligent and whether decedent was contributorily negligent. Since decedent was found to be contributorily negligent under the lesser standard of care applicable to him with respect to defendant Gadson, plaintiff was not prejudiced by the charge as to the greater standard of care applied to decedent with respect to defendants Hickson and Humble Leasing Co. Thus, regardless of which standard of care was appropriate, the jury’s finding of rash and wanton conduct by decedent precluded plaintiff’s recovery against all defendants. Although the charge was not a model of clarity on certain subjects, its infirmities do not warrant reversal under the circumstances, and we find no reversible error in the remaining contentions of appellant.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.