■ NORTHWAY DECKING & SHEET METAL CORPORATION, Respondent, v CLIFTON STEEL CORPORATION, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 19, 1981 in Schenectady County, upon a verdict rendered at Trial Term (Graves, J.). Plaintiff Northway Decking & Sheet Metal Corporation commenced this action against defendant

---

Clifton Steel Corporation to recover the sum of $16,165.20, which it was allegedly owed by defendant for labor and services it rendered, pursuant to an oral agreement between the parties, in the construction of buildings using metal wall, floor and deck paneling. In its answer, defendant, *inter alia,* asserted a counterclaim in the sum of $105,335.42, the amount by which plaintiff had allegedly been overpaid for the work it had performed for defendant. Following a jury trial, a unanimous verdict was returned in favor of plaintiff in the full amount of its claim, and defendant's subsequent motion for judgment notwithstanding the verdict was denied. The instant appeal, raising two issues, followed. We hold that the challenged judgment should be affirmed, and in so ruling, we find lacking in substance defendant's contention that the trial court erred in denying admission of defendant's exhibits "E" and "CC" as business records under CPLR 4518 (subd [a]). These exhibits were summary sheets of alleged excess advances of funds by defendant to plaintiff for which no corresponding labor by plaintiff could be attributed. There is, however, ample evidence in the record, including the testimony of a vice-president of defendant, to support the court's finding that the documents in question were not routinely prepared in the ordinary course of defendant's business so as to qualify as business records under CPLR 4518 (subd [a]). Moreover, since the content of the documents was the subject of much testimony at the trial, the court's failure to admit them into evidence was in no way injurious to defendant. Similarly, nothing in the court's charge warrants reversal of the judgment in favor of plaintiff. The court's instruction as to whether any of plaintiff's alleged indebtedness to defendant had been forgiven did not constitute a charge of the defenses of novation or accord and satisfaction which were not pleaded by plaintiff, but rather was merely a reference to the general informality of the arrangement between the parties. Furthermore, the court fully and adequately explained to the jury the range of possible verdicts in this case, and counsel for defendant indicated to the court that it was satisfied with the charge in this regard. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Levine, JJ., concur.