■ STEPHEN DUBACS, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant (Claim No. 63180.

The finding that the State was negligent in failing to correct the icy road condition is supported by the evidence. It was established that the bridge had a propensity to freeze over before other roads in the area and that this was a recurrent and unusually severe condition of which the State had notice *(see, Rooney v State of New York,* 111 AD2d 159, 160). Further, it was shown that the State did not adopt and implement a reasonable plan for dealing with that specific hazard *(see, Friedman v State of New York,* 67 NY2d 271, 283-284; *Weiss v Fote,* 7 NY2d 579, 585–586).

There is no basis, on the other hand, for finding claimant contributorily negligent in driving his vehicle. The proof established that claimant was driving in a prudent manner, that he took reasonable measures to evade a fishtailing vehicle in front of him, and that he lost control of his vehicle and struck a guardrail solely as the result of an icy road condition of which he had no forewarning. Further, there was no basis for finding claimant contributorily negligent for leaving his car and walking in the roadway. Following the initial collision, claimant was confronted with an emergency situation not of his own making. His car was disabled and was situated in the travel lane of a high-speed roadway just beyond the crest of the bridge *(cf., Brown v Bracht,* 132 AD2d 857, 858-859, *lv denied* 70 NY2d 615). Under the emergency doctrine, the reasonableness of claimant's actions to prevent injury to others should be judged by what a reasonable person would do under the same exigencies *(Johnson v Hickson,* 43 NY2d 906, 908; *Hart v Scribner,* 44 AD2d 59, 64). Claimant will not be "held to the standard of care for his own safety that reflective and objective after judgment might suggest" *(Rossman v La Grega,* 28 NY2d 300, 305), and "[m]ere error of judgment or wrong choice of action is not negligence when one is called upon to act quickly in the face of peril" (PJI 2:14). Claimant's decision to leave his car was not unreasonable, since a reasonable person could have concluded that he would be more vulnerable remaining in it *(see, Rossman v La Grega, supra,* at 308-309). It was not unreasonable or foolhardy for claimant to decide to walk behind his car to remove his bumper from the roadway and set up emergency flares in an attempt to safeguard other drivers from possible harm *(Rossman v La Grega, supra).* (Appeals from judgment of Court of Claims, NeMoyer, J.—negligence.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.