■ ETHEL MELTZER, Appellant, v CITY OF NEW YORK et al., Respondents. (And Third- and Fourth-Party Actions.)—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered April 20, 1988, which granted defendant city's motion for summary judgment dismissing all claims and cross claims as against it, unanimously affirmed, without costs.

In this personal injury action brought by plaintiff, who tripped on a Manhattan street over a projecting gas valve housing installed by defendant Consolidated Edison, the city sought dismissal of the complaint for lack of prior notice of the street condition pursuant to the New York City "Pothole Law" (formerly Administrative Code of City of New York § 394a-1.0 [d] [2], now § 7-201 [c] [2]). We agree with the IAS court that the minor street defect was an "encumbrance" or "attachment" covered by the statute *(Shaw v City of Auburn,* 91 AD2d 817, *affd for reasons stated below* 59 NY2d 780). Further, none of the street opening or work permits issued in and around the area provided the necessary notice to the city. The city presented a prima facie case for summary judgment, and the plaintiff failed to provide evidentiary facts showing a triable issue of fact *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338). None of the several documents produced demonstrated that plaintiff or anyone else had given notice of the particular defect causing her injuries. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rubin, JJ.