■ **JUAN CRUZ, Appellant, et al., Plaintiff, v CITY OF NEW YORK, Respondent, et al., Defendant.** [630 NYS2d 523] —Order, Supreme Court, New York County (Stuart C. Cohen, J.), entered on or about October 19, 1993, which granted defendant City of New York's motion for summary judgment dismissing the complaint against it, unanimously reversed, on the law, the motion denied, and the complaint reinstated, without costs.

Plaintiff seeks damages for personal injuries suffered as a result of an accident which occurred at approximately 7:15 A.M. on May 29, 1983. The complaint alleges that, as he was driving north on the FDR Drive, his car struck a "large hole, depression" near East 6th Street, causing unspecified damage and rendering it inoperable. The car came to a complete stop in the right traffic lane of the Drive near East 10th Street, at a location where there is no shoulder. Plaintiff got out and went to the rear of the vehicle to inspect it for damage. A car driven by the defendant Muriel Alleyne careened into both plaintiff and his car. Witnesses asserted that Alleyne had been driving fast and erratically. She was subsequently convicted of operating a vehicle while under the influence of alcohol and assault in the second degree.

The City moved to dismiss the complaint for failure to state a cause of action or for summary judgment dismissing the complaint against it on two grounds: (1) that it did not have prior written notice of the alleged roadway defect and, (2) that, in any event, the alleged failure to maintain the roadway was not the proximate cause of the plaintiff's injuries, which resulted from an intervening or superseding event, the collision involving Alleyne's car. In support of its motion, the City submitted an affidavit from Irvin Lowenstein, the Director of the Prior Notification Unit of the New York City Department of Transportation. It states that a search of the listing of complaints filed in his unit failed to reveal any complaint of roadway defects on the northbound lanes of the FDR Drive between 6th and 10th Streets prior to the date of the accident.

It is plaintiff's contention that prior written notice of the defective condition was not required because the defect was affirmatively created by the City. He further argues that statutory notice was not required because the condition was open and obvious. Finally, he states that City inspectors were in the area prior to the accident and had a duty to report the hazardous condition.

The record contains deposition testimony of the Borough

Supervisor for the City Department of Transportation's Division of Highway Maintenance. It indicates that he had requested that the entire FDR Drive be resurfaced. It also contains a "Special Assignment Report", dated 13 days before the accident, which makes reference to a request that the northbound lanes of the FDR Drive from South Street to 14th Street be resurfaced.

With respect to the issue of proximate cause, plaintiff asserts that the defective condition complained of in this case is a rippled highway surface extending from South Street to 14th Street. The record includes the affidavit of an engineer stating that the poor condition of the roadway resulted from defective resurfacing with asphalt which, unlike the original construction, failed to include expansion joints. Plaintiff contends that the events leading up to his injury are not extraordinary or unforeseeable and, therefore, the actions of Alleyne do not constitute a superseding cause which operates to insulate the City from liability.

Supreme Court rejected the City's contention that it lacked notice of the defective condition on the ground that the submitted affidavit was not based on personal knowledge. Nevertheless, the court granted the City's motion to dismiss the complaint on the ground that Alleyne's act of driving while intoxicated, rather than any alleged negligence on the part of the City, was the proximate cause of plaintiff's injuries. The court reasoned that, although it was foreseeable that failure to repair the roadway would result in plaintiff's car being disabled, Alleyne's actions were not foreseeable.

The court correctly concluded that written notice of the defective condition (Administrative Code of City of NY § 7-201 [c] [2]) was not required, but for the wrong reason. The affidavit of an official charged with the responsibility of keeping an indexed record of all notices of defective conditions received by the Department of Transportation is sufficient to establish that no prior written notice was filed (Administrative Code § 7-201 [c] [3]). The affidavit need only indicate that the official has caused a search of the department's records to be made and that no written notice of the defective condition was found (CPLR 4518, 4520; *see, Goldberg v Town of Hempstead*, 156 AD2d 639; *Wisnowski v City of Syracuse*, 213 AD2d 1069).

However, there is merit to plaintiff's contention that the particular facts of this case fall within the exception applied to defects caused by the municipality itself (*Kiernan v Thompson*, 73 NY2d 840). The affidavit of plaintiff's engineer was sufficient to raise a triable issue of fact as to whether the City cre-

ated or caused a hazardous condition (*Gormley v County of Nassau*, 150 AD2d 342). It states that, without the requisite expansion joints, seasonal temperature fluctuations and the effects of heavy stop-and-go traffic result in a rippled road surface. The City did not rebut the assertion of plaintiff's expert and, in fact, repaved the highway shortly after the accident occurred. The City does not maintain that anyone else was responsible for repaving the road surface (*cf., Elstein v City of New York*, 209 AD2d 186).

There is also merit to plaintiff's contention that the defect in the roadway was sufficiently open and notorious that it should have come to the attention of the City even without written notice. Prior written notice provisions should be strictly construed to apply only to physical conditions in the streets "which would not ordinarily come to the attention of the [City] * * * unless * * * given notice thereof" (*Hughes v Jahoda*, 75 NY2d 881, 883). Highway crews had been in the area and should have reported the condition (*Giganti v Town of Hempstead*, 186 AD2d 627).

Supreme Court erred in granting the City's motion for summary judgment on the ground that Alleyne's actions, rather than any alleged negligence on the part of the City, were the proximate cause of the plaintiff's injuries. As the Court of Appeals stated in *Derdiarian v Felix Contr. Corp.* (51 NY2d 308, 315, *rearg denied* 52 NY2d 829), "Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence * * * If the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct, it may well be a superseding act which breaks the causal nexus * * * Because questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve."

Plaintiff need not establish that the precise manner in which the accident occurred was foreseeable (*supra*, at 315). In this case, a fact-finder could conclude that defects in a heavily traveled roadway might cause a motorist to break down in a traffic lane (since the highway has no shoulder), creating the hazard of a collision with another vehicle traveling at a high rate of speed (*see, Betancourt v Manhattan Ford Lincoln Mercury*, 195

AD2d 246, *appeal dismissed* 84 NY2d 932; *McMorrow v Trimper*, 149 AD2d 971, *affd* 74 NY2d 830; *Dubacs v State of New York*, 140 AD2d 968; *cf.*, *Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950). It is also foreseeable that the highway might be used by someone driving while intoxicated. Concur— Sullivan, J. P., Rubin, Asch, Nardelli and Tom, JJ.