■ DARA LEVBARG, Individually and as Administratrix of the Estate of MORRISON LEVBARG, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff-Respondent, v FELIX CONTRACTING CORP., Third-Party Defendant-Respondent. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Second Third-Party Plaintiff-Respondent, v CITY WIDE ASPHALT PAVING CO., INC., Second Third-Party Defendant-Respondent. [723 NYS2d 445] —Order, Supreme Court, New York County (Kibbie Payne, J.), entered on or about October 6, 1999, which granted the defendants' and third-party defendants' motions for summary judgment dismissing the complaint and third-party complaints, unanimously modified, on the law, to deny the motions as to the defendant Consolidated Edison Company of New York, Inc. (Con Ed) and the third-party defendants Felix Contracting Corp. and City Wide Asphalt Paving Co., Inc., to reinstate the complaint as against Con Ed and the third-party complaints,

and, except as thus modified, affirmed, without costs or disbursements.

In the early morning hours of November 21, 1995, Morrison Levbarg, an elderly gentleman, now deceased, fell and was injured while crossing the street with his dog, mid-block, in front of 205-210 East 68th Street in Manhattan. Plaintiff, Levbarg's wife and the administratrix of his estate, home at the time, responded to a telephone call that he had been injured and found her husband leaning against a car, being held by two men. Levbarg told plaintiff that he had fallen "in the trench," which she described as running diagonally across the street and being "a couple of feet wide" and three or four inches deep. Levbarg, who had fractured his hip, was taken to the hospital and released ten days later. On December 14, 1995, after suffering a heart attack, he died, without his testimony being preserved. In a verified notice of claim prepared and signed by Levbarg before his death, he alleged that he fell in a roadway defect that was "sloped, broken, uneven, cracked and hazardous for pedestrians." Named as defendants in this personal injury and wrongful death action are the City, which had issued a permit to Con Ed for excavation work on East 68th Street, and Con Ed, which had hired Felix Contracting Corp. to perform the excavation and City Wide Asphalt Paving Co., Inc. to repave the roadway after the cutouts had been backfilled. Con Ed has impleaded both Felix and City Wide as third-party defendants.

In the cutout in question, Felix had excavated to a depth of nine inches and then backfilled to a depth of eight inches. No barriers were placed around the site. Plaintiff alleges that this one-inch differential in the roadway created a tripping hazard. For reasons not relevant to this appeal, City Wide did not pave the cutout until sometime after the accident.

Felix and City Wide separately moved for summary judgment dismissing the complaint, contending that plaintiff cannot show that the roadway "trench" caused Levbarg's fall. Con Ed cross-moved for the same relief, alleging the same ground. The City separately cross-moved for summary judgment dismissing the complaint based on plaintiff's failure to comply with the prior written notice of defect law (Administrative Code of City of NY § 7-201 [c]), arguing that the issuance of a street opening permit, without more, did not provide actual prior notice of a particular defect, and on the additional ground that the City did not create the complained of condition. Plaintiff did not oppose the City's cross-motion. In opposing the motions by the other parties, plaintiff attempted to establish

causation in three ways: an undated and unsworn statement signed by a doorman who allegedly saw Levbarg trip and fall near a "deep impression in the street where a repair had been made"; plaintiff's own deposition testimony that Levbarg had told her that he had fallen into a trench and the verified notice of claim signed by Levbarg. In reply, the defendants pointed out that the doorman's statement was inadmissible hearsay, which, in any event, still failed to establish causation. The IAS court, concluding that the "record is devoid of any evidentiary facts establishing that defendants' negligence was the proximate cause of Levbarg's accident," granted the motions and dismissed the complaint and third-party complaints.

Since a triable issue of fact is presented as to whether the unbarricaded defective condition in the roadway was the proximate cause of Levbarg's fall and injuries, the IAS court erred in granting summary judgment in favor of Con Ed and the third-party defendants. As the record makes clear, Con Ed and the third-party defendants may all be responsible for either creating the roadway defect or failing to correct it and not barricading it. While the doorman's statement is concededly hearsay, it may appropriately be used to defeat a motion for summary judgment (*see, Eitner v 119 W. 71st St. Owners Corp.,* 253 AD2d 641, 642; *see, generally, Phillips v Kantor & Co.,* 31 NY2d 307), especially in the unusual circumstances here presented where the doorman, identified in his statement, is presumably available to testify. And, while the same cannot be said with respect to the notice of claim signed by the deceased, which is of no probative value, his statements to his wife at the scene of the accident may be admissible at trial under the rubric of the excited utterance as a declaration made " 'under the stress of the moment without time for reflection or deliberation.' " (*Deutsch v Horizon Leasing Corp.,* 145 AD2d 405, 407-408 [citation omitted]; *Taft v New York City Tr. Auth.,* 193 AD2d 503, 504, 505; *Flynn v Manhattan & Bronx Surface Tr. Operating Auth.,* 94 AD2d 617, 619, *affd* 61 NY2d 769.) While defendants and third-party defendants argue that even if the foregoing evidence were competent it would still fail to establish proximate cause in that it offers proof of where Levbarg fell but not how he fell, we find the evidence specific enough to support an inference of causation, the determination of which is reserved for the trier of fact.

Having disposed of the case on the issue of causation, the IAS court never reached the City's argument, which was unopposed, that the action against it is barred by the failure to give prior written notice of the defect. As this Court has previously

held, the issuance of a permit for a street excavation is insufficient as a matter of law to provide the requisite notice to the City. (*Meltzer v City of New York*, 156 AD2d 124.) Concur—Sullivan, P. J., Rosenberger, Tom and Mazzarelli, JJ.