■ DOROTHY CHIU-CARANESE et al., Appellants, v HARRY DE-MEO, Respondent, et al., Defendant. [769 NYS2d 729]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Patterson, J.), dated July 3, 2002, which denied their post-verdict motion pursuant to CPLR 4404 for a new trial.

Ordered that the order is affirmed, with costs.

The trial court acted within its discretion in permitting the medical expert of the defendant Dr. Harry DeMeo to testify that the injured plaintiff's appendix had already ruptured and that an abscess had formed before her visit to Dr. DeMeo on November 19, 1997. The record clearly establishes that the injured plaintiff had adequate notice of this theory (see CPLR 3101 [d] [1] [i]; Cutsogeorge v Hertz Corp., 264 AD2d 752 [1999]). Although the trial court should have allowed the plaintiffs' expert to testify on the same issue on direct examination, the failure to do so constituted harmless error.

Further, the trial court properly admitted the testimony of two drug company representatives that, after searching their own records and causing other persons with a business duty to accurately report to them to search their records, they could find no record of Dr. DeMeo receiving samples of two prescription medications (see CPLR 4518; Johnson v Lutz, 253 NY 124 [1930]; Guth Realty v Gingold, 34 NY2d 440 [1974]; Cruz v City of New York, 218 AD2d 546, 547 [1995]). Under the circumstances of this case, since the drug companies were not parties to the action and were disinterested as to its outcome, the trial court properly credited the witnesses' testimony that the searches were performed in the regular course of business (see People v Foster, 27 NY2d 47, 51-52 [1970]; Northway Decking & Sheet Metal Corp. v Clifton Steel Corp., 86 AD2d 944, 945

[1982]). Their testimony corroborated other evidence in the record that the plaintiffs lacked credibility.

The plaintiffs' remaining contention is not properly before this Court. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.