OPINION OF THE COURT
Lawrence S. Knipel, J.
Defendant Keyspan Corporation moves for an order, pursuant to CPLR 3211 (a) (5), dismissing the complaint on the ground that the action against Keyspan was commenced after the statute of limitations had expired and it is therefore time-barred. Keyspan also moves, without opposition, for an order restoring the instant motion to dismiss, which was “marked off’ for both parties’ failure to appear on the return date of said motion, to the court’s motion calendar. Defendant City of New York moves for an order, pursuant to CPLR 3211 (a) (7) and/or 3212, summarily dismissing plaintiffs action as against it on the ground that plaintiff has failed to plead or prove that the City had written notice of the alleged sidewalk defect which plaintiff claims caused her to fall and sustain injuries. Plaintiff Rosaría Marceca opposes Keyspan’s motion to dismiss on the ground that her motion to amend the complaint to include Keyspan as a party defendant tolled the statute of limitations and therefore her action against Keyspan was timely commenced. Plaintiff opposes the City’s motion for summary judgment on the ground that such motion is premature because discovery has not been completed with Keyspan and additional discovery is also needed to determine whether permits or work orders were issued in *938 regard to work allegedly performed by Keyspan, or some other entity, at the accident site.
In the instant action, plaintiff seeks damages for injuries she allegedly sustained on September 15, 2000 when she tripped and fell on the roadway in front of the premises located at 2218 East 57th Street in Brooklyn. On May 14, 2001, plaintiff commenced this action by filing a summons and complaint which named the City of New York as the sole defendant. The complaint alleged, inter alia, that the accident was caused because the City was negligent, in its ownership, operation, management, maintenance and control of the subject street and/or pavement, in causing, permitting and/or allowing said street and/or pavement to become and remain in a dangerous, defective, hazardous and unsafe condition.
Discovery in the action proceeded, a preliminary conference order was entered into and a note of issue and certificate of readiness was filed by plaintiff on or about May 17, 2002. On September 22, 2003, plaintiff brought a motion seeking leave to amend her complaint for purposes of naming Keyspan as an additional party defendant. On November 26, 2003, the motion to amend the complaint was granted and the note of issue was vacated. Keyspan subsequently received an amended summons and complaint in December 2003. The amended complaint alleges that plaintiff sustained her injuries as a result of the carelessness, recklessness and negligence of Keyspan in its ownership, operation, management, maintenance, supervision, control, design, inspection or repair of the subject accident site. On or about January 5, 2004, Keyspan moved to dismiss the amended complaint. After two adjournments, the motion was “marked off’ upon both parties’ failure to appear on the new return date for the motion. On or about May 11, 2004, the City moved for summary judgment.
Keyspan’s Motion to Dismiss Pursuant to CPLR 3211 (a) (5)
As an initial matter, Keyspan’s unopposed motion to restore is granted. In addition, “there [is] no basis to deny [a pre-note of issue motion to restore] . . . [where] there was no 90-day notice pursuant to CPLR 3216, and there was no order dismissing the complaint pursuant to 22 NYCRR 202.27” (Gendus v Sheraton/Atlantic City W., 302 AD2d 427, 427 [2003] [finding that the trial court erred in denying a motion to restore where “(t)he motion was made approximately four months after the action was marked off or deemed inactive due to (the party’s) *939 failure to appear at a duly-scheduled status conference”]). Accordingly, as Keyspan’s motion to dismiss was merely “marked off’ the motion calendar, and no additional order of dismissal was issued, Keyspan’s motion to restore is granted and the court will proceed to determine Keyspan’s CPLR 3211 (a) (5) motion to dismiss.
Plaintiffs claims against Keyspan are time-barred and must be dismissed. Plaintiff argues that her service upon Key-span of the motion to amend the complaint tolled the statute of limitations until such motion was decided by the court. The court notes, however, that such motion was not filed with the court until September 22, 2003, seven days after the statute of limitations expired for plaintiffs claims against Keyspan (CPLR 214 [5] [three-year statute of limitations for negligence claims]). The Court of Appeals has held that
“[w]here the motion [for leave to amend the complaint to join a party] is filed with the court within the applicable limitations period, but the ruling by the court does not occur until after expiration, dismissal is inappropriate and would offend the CPLR’s liberal policies of promoting judicial economy and preventing a multiplicity of suits” (Perez v Paramount Communications, 92 NY2d 749, 754 [1999] [emphasis added]).
However, plaintiff has not cited to, and the court is not aware of, any authority which would allow this court to extend the tolling rule stated in Perez to encompass those cases, such as the one at bar, where the motion for leave to amend is served within the statute of limitations period upon the party sought to be joined, but is not filed with the court until after the expiration of said limitations period. Moreover, a court “should not . . . grant[ ] [a] plaintiffs . . . motion for leave to amend the complaint to add [a] defendant [where] [t]he Statute of Limitations had already expired, and plaintiff may not benefit from the relation back doctrine” (Gielow v Rosa Coplon Home, 251 AD2d 970, 973 [1998], lv denied 92 NY2d 1042 [1999]; see also Karmel v White Plains Common Council, 284 AD2d 464, 465 [2001] [petition dismissed where court could not order the joinder of a necessary party because the statute of limitations had already expired and said party could only be joined if the relation-back doctrine applied]). Here, plaintiff does not claim that the relation-back doctrine which allows an amended complaint to “relate back” to the original complaint for statute of limitations purposes if both claims arise out of the same oc *940 currence or transaction, the new party is “united in interest” with the original defendant and the new party knew or should have known that but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him or her (see Cintron v Lynn, 306 AD2d 118, 119 [2003]), applies to her claims against Keyspan. Accordingly, as the action against Keyspan was not commenced within the applicable three-year statute of limitations for negligence actions, and plaintiff did not obtain a toll of the statute of limitations by filing her motion for leave to amend the complaint with the court prior to the expiration of said time limitation, her claims against Keyspan must be dismissed as time-barred.
The City’s Motion for Summary Judgment
[2] In the instant action, plaintiff has failed to plead and prove that the City had prior written notice of the alleged sidewalk defect and, accordingly, the City is entitled to summary judgment. The City’s motion is based upon its assertion that plaintiff has failed to comply with the prior notice requirement of the Administrative Code of the City of New York. Section 7-201 (c) (2) of the Administrative Code of the City of New York, often referred to as the “Pothole Law,” provides that no action may be maintained against the City for injuries sustained as the result of a defective street or highway unless written notice of the defect was given to the City, and the City failed to repair the defect within 15 days of receipt of such notice (see Seymour v City of New York, 235 AD2d 470, 471 [1997], lv denied 90 NY2d 809 [1997]). The prior notice requirement is a condition precedent to maintaining an action which must be pleaded and proved (see Katz v City of New York, 87 NY2d 241, 243 [1995]; David v City of New York, 267 AD2d 419 [1999]; Farnsworth v Village of Potsdam, 228 AD2d 79, 81 [1997]; Giganti v Town of Hempstead, 186 AD2d 627, 628 [1992]). The purpose of the prior notice provision is to limit the City’s liability to those defects or hazardous conditions of which its officials have notice (see Poirier v City of Schenectady, 85 NY2d 310, 314 [1995]). Such prior written notice provisions are to be strictly construed (Katz, 87 NY2d at 243). Moreover, it is well settled that maps prepared and filed by Big Apple Pothole and Sidewalk Protection Corporation can be sufficient written notice under the Pothole Law (see Weinreb v City of New York, 193 AD2d 596, 598 [1993]; Acevedo v City of New York, 128 AD2d 488, 489 [1987]). Additionally, the affidavit of the representative of the Department of Transportation (DOT) responsible for *941 supervising searches for records of notices of defective conditions, stating that no such records were found, is sufficient to establish that no such prior written notice of the alleged defect was filed with the City (see Cruz v City of New York, 218 AD2d 546 [1995]; Goldberg v Town of Hempstead, 156 AD2d 639 [1989]; Goldston v Town of Babylon, 145 AD2d 534 [1988]; Englehardt v Town of Hempstead, 141 AD2d 601 [1988], lv denied 72 NY2d 808 [1988]; Zigman v Town of Hempstead, 120 AD2d 520 [1986]).
In support of its motion, the City submits a copy of a map that was served upon it by the Big Apple Pothole and Sidewalk Protection Corporation. The map was received by the DOT on December 17, 1999, and is the most recent map served upon the City prior to the date of plaintiffs accident. The map does not indicate any defect at the alleged accident site. Additionally, the City submits the affidavit of a clerical associate of the Litigation Support Unit for the DOT stating that a search was conducted for applications for permits, cut forms, contracts, repair orders, complaints, violations and milhng/resurfacing records for a period of two years prior to and including the date of the alleged incident and that no prior written notice of the alleged defective roadway condition, or any other records concerning the allegedly defective area, were found.
In opposition to the City’s motion, plaintiff does not dispute the City’s contention that neither the Big Apple map nor the search conducted by the DOT representative reveal that City officials received prior written notice of the subject defect. Rather, plaintiff asserts that “since discovery has not been completed with Keyspan the plaintiff has not been afforded the right to secure . . . additional information . . . necessary to prove such [prior written] notice.” Plaintiff also argues that photographs of the alleged accident site demonstrate that work was done at the site, and, if such work was performed by Keyspan, it would have required a work order or permit. Plaintiff contends, as a result, that a search for a longer time period than two years prior to the date of the accident is required to find such permits or work orders. Finally, plaintiff contends that “she fell because there was something . . . wrong in the road and the condition that caused her to fall was there since she lived there,” and that she also saw workers patching a hole in the street and spoke to them about patching the alleged defective area.
Plaintiff, however, has failed to raise a triable issue of fact. As an initial matter, the court, by this decision, has dismissed *942 plaintiffs claims against Keyspan as time-barred. In any event, even if the claims against Keyspan had not been dismissed, plaintiff does not identify what further discovery could be gleaned from Keyspan which would raise, an issue of fact as to whether the City received prior written notice of the alleged defect. Even if a permit or work order had been issued to Key-span by the City, it is well settled that the issuance of a permit for a street excavation is insufficient as a matter of law to provide the requisite written notice of a roadway defect to the City (see Gee v City of New York, 304 AD2d 615 [2003]; Levbarg v City of New York, 282 AD2d 239 [2001]; Meltzer v City of New York, 156 AD2d 124 [1989]). Therefore, to the extent that plaintiff claims that she witnessed work being performed at the accident site and that additional discovery is needed because permits for such work must have been issued, either to Keyspan or some other entity, the existence of same would not defeat the City’s motion for summary judgment. Plaintiff fails to identify when such work allegedly occurred, and her speculative contention that permits for such work, which are in any event irrelevant to the issue of the City’s nonreceipt of prior written notice of the alleged defect, must exist and can perhaps be found if the City expands its search for records to some unspecified time period beyond the two years prior to the accident for which a search has already been conducted, is patently insufficient to defeat the instant motion for summary judgment (see Campbell v City of New York, 220 AD2d 476 [1995] [a party’s mere hope that evidence to defeat the summary judgment motion may be revealed upon further discovery is not enough to forestall summary judgment; rather, the information sought from additional discovery must be clearly specified and relevant to the issues raised in the motion]). Moreover, although plaintiff stated at the 50-h hearing that she spoke to unidentified workers in regard to patching the allegedly defective area, it is well settled that, even if such workers were employed by the City, “constructive notice of a . . . defect is not an exception to the requirement of prior written notice to a municipality . . . [and] [n]ot even actual notice obviates the need for prior written notice” (Quinn v City of New York, 305 AD2d 570, 572 [2003]).
The City has “established, prima facie, its entitlement to judgment as a matter of law by proffering a copy of the most recent ‘Big Apple’ map which had been filed with the Department of Transportation before the plaintiffs accident” and does not identify any defect at the subject accident site (Kempler v *943 City of New York, 272 AD2d 584, 584-585 [2000]). Additionally, the City has further supported its motion by submitting an affidavit of the individual responsible for supervising DOT searches for records of notices of defective conditions stating that no such records were found (see Cruz, 218 AD2d at 546). In response, plaintiff has failed to raise a triable issue of fact. Accordingly, the City’s motion for summary judgment is granted.
In summary, Keyspan’s motions to restore and to dismiss the complaint as against it are granted. The City’s motion for summary judgment is also granted.