(May 25, 2006)

■ SEGUNDO BOLANOS et al., Appellants, v CITY OF NEW YORK, Respondent and Third-Party Plaintiff. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Defendant. CITY OF NEW YORK, Second Third-Party Plaintiff, v EDENWALD CONTRACTING Co., INC., Second Third-Party Defendant-Respondent. (And Another Action.) [816 NYS2d 30]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered May 5, 2004, which granted the City of New York's cross motion for summary judgment and dismissal of the complaint, denied plaintiff's cross motion for partial summary judgment on liability, denied the second third-party defendant's motion for summary judgment, and dismissed all cross claims and cross complaints, unanimously affirmed, without costs.

On November 15, 1991, at approximately 6:00 A.M., Segundo Bolanos was driving eastbound in the right lane of West 57th Street when the front end of his car fell into a hole in the pavement. The excavation was near the southeast corner of 57th Street and the Avenue of the Americas. Bolanos and his wife sued the City, which in turn brought third-party complaints against Con Edison and Edenwald Contracting Co., Inc. There was evidence that both Con Edison and Edenwald had done work prior to the accident in the area where the accident occurred.

During discovery, a work permit was produced, which indicated that one month before Bolanos's accident Con Ed was doing work at the intersection of 57th Street and the Avenue of the Americas. The City had granted Con Edison a permit to open the street, and the work ticket indicates that an opening of 20 feet by 4 feet was cut at the same intersection of plaintiff's accident. Citywide Asphalt Paving had been hired to restore the pavement after Con Edison did its work, and there is a document in the record indicating that this work was completed in December 1991, after plaintiff's accident.

In March 1990, Edenwald had also entered into a contract with the City to perform construction work on the Avenue of the Americas. Edenwald's project extended from 4th Street to West 32nd Street, and from West 35th Street to West 59th Street in Manhattan. At the time this action was commenced, Edenwald was no longer in business. A search conducted by an agent of Edenwald's predecessor counsel found one incident report. It indicated that someone was injured on August 24, 1993 at an unspecified location. The report indicated that in August of 1993, Edenwald was working on the Avenue of the Americas between 57th and 58th Streets and at 44th Street.

Neither the Con Edison work permit nor the Edenwald contract established that the City had prior actual or written notice of a dangerous condition in the roadway where plaintiff was injured (see *DeSilva v City of New York*, 15 AD3d 252 [2005]; *Bielecki v City of New York*, 14 AD3d 301 [2005]; *Levbarg v City of New York*, 282 AD2d 239, 241-242 [2001]; *Meltzer v City of New York*, 156 AD2d 124 [1989]). Further, there was no evidence that the City or a city contractor "caused or created" the hazard. Accordingly, the court properly dismissed the action against the City, as well as the second- and third-party complaints (see *Cardona v City of New York*, 305 AD2d 303 [2003]). Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.