Williams v New York City Dept. of Transp. (2023 NY Slip Op 03754)

Williams v New York City Dept. of Transp.

2023 NY Slip Op 03754

Decided on July 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 06, 2023

Before: Renwick, P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Index No. 152777/19 Appeal No. 209 Case No. 2022-04765 

[*1]Rachael Diane Williams, Plaintiff-Appellant,
v
The New York City Department of Transportation et al, Defendants-Respondents.

Buitrago & Associates, PLLC, New York (Marcelo A. Buitrago of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondents.

Order, Supreme Court, New York (Judy H. Kim, J.), entered June 8, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants made a prima facie showing of entitlement to summary judgment in this action which alleges that plaintiff was injured when she tripped on a pothole located on Adam Clayton Powell Jr. Boulevard. Defendants submitted affidavits from City employees, stating that they had searched the records regarding the roadway where the pothole was located, and the records showing that the City had received no written notice of a defective condition (see Cruz v City of New York, 218 AD2d 546, 547 [1st Dept 1995]). This evidence was sufficient to establish that defendants had no prior written notice of the pothole as required by the Administrative Code (Administrative Code of the City of New York § 7-201[c][2], [3]; see Tomashevskaya v City of New York, 161 AD3d 511, 512 [1st Dept 2018]).
In opposition, plaintiff failed to raise an issue of material fact, as she did not submit evidence sufficient to demonstrate the existence of prior written notice (see Sondervan v City of New York, 84 AD3d 625, 625 [1st Dept 2011]). Plaintiff relies on the deposition testimony of Kevin Harmon, a claims specialist at the New York City Department of Environmental Protection (DEP), as a well as a public sector work order which, according to plaintiff, showed that defendants had notice of a pothole because they inspected the area several weeks before plaintiff fell. However, during his deposition, Harmon testified that he was not knowledgeable about that particular type of work order and was not qualified to answer plaintiff's questions related to when the inspection for the work order occurred; he testified only that it was "possible" that someone had inspected the area several weeks before the accident and determined that a repair was necessary. In any event, an environmental engineer for the DEP averred that the work order inspection occurred on April 17, 2012, only 11 days before plaintiff's
fall. This timeframe is insufficient to impute notice to defendants, as Administrative Code § 7-201(c)(2) states that the City has 15 days to cure a defect.
We have considered plaintiff's remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein
on May 9, 2023 is hereby recalled and vacated
(see M-2023-02219 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2023