| |
|---|
| **Reid v City of New York** |
| 2024 NY Slip Op 30839(U) |
| March 14, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 400032/2014 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** | **05M** |
| | *Justice* | | |

-----------------------------------------------------------------------X

MARGARET REID,

                       Plaintiff,

          - v -

THE CITY OF NEW YORK, MADISON SQUARE GARDEN,
L.P., MSG HOLDINGS, L.P., THE MADISON SQUARE
GARDEN COMPANY, MADISON SQUARE GARDEN
CENTER, INC.,DEFOE CORP.

                     Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 400032/2014 |
| **MOTION DATE** | 05/15/2023 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 55, 56, 57, 58, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for                JUDGMENT - SUMMARY        .

      With the instant motion, Defendant THE CITY OF NEW YORK (hereinafter "the City"), moves, pursuant to CPLR §3212, for an order granting summary judgment in favor of the City, and for such other and further relief as this court may deem just and proper. Plaintiff MARGARET REID ("plaintiff") opposes the motion. For the reasons stated herein, the City's motion is granted.

      This action seeks to recover damages for personal injuries purportedly sustained by plaintiff on October 6, 2011. According to plaintiff, on that date, she alleges that she tripped and fell on the sidewalk at the northeast corner of the intersection of West 31st Street and 8th Avenue due to a raised portion of the sidewalk.

      The proponent of a motion for summary judgment carries the initial burden of tendering sufficient admissible evidence to demonstrate the absence of a material issue of fact as a matter of law (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, a defendant seeking summary judgment must establish prima facie entitlement to such relief as a matter of law by affirmatively demonstrating, with evidence, the merits of the claim or defense, and not merely by pointing to gaps in plaintiff's proof (*Mondello v DiStefano*, 16 AD3d 637, 638 [2d Dept 2005]; *Peskin v New York City Transit Authority*, 304 AD2d 634, 634 [2d Dept 2003]). Once movant meets the initial burden on summary judgment, the burden shifts to the opponent who must then produce sufficient evidence, also in admissible form, to establish the existence of a triable issue of fact (*Zuckerman*, 49 NY2d at 562, *supra*).

      With the passage of §7-210 of the New York City Administrative Code, maintenance and repair of public sidewalks and any liability for a failure to perform the same, was shifted, with

[* 1]

certain exceptions, to owners whose property abutted the sidewalk (*Ortiz v City of New York*, 67 AD3d 21, 25 [1st Dept 2009], *rev'd on other grounds* 14 NY3d 779 [2009]; *Klotz v City of New York*, 884 AD3d 392, 393 [1st Dept 2004]; *Wu v Korea Shuttle Express Corporation*, 23 AD3d 376, 377 [2d Dept 2005]).

Specifically, § 7-210 states, in pertinent part, that:

> [i]t shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition... [, that] the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition.. [, that][f]ailure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk... [,and that ] [t]his subdivision shall not apply to one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes.

With the enactment of § 7-210, it is now well-settled that an owner of property abutting a public sidewalk is liable for a dangerous condition upon said sidewalk even in the absence of affirmative acts (*Martinez v. City of New York*, 20 A.D.3d 513, 515 [2d Dept 2005]). Despite the enactment of § 7-210, the City nevertheless remains responsible to maintain certain sidewalks such as those abutting "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (New York City Administrative Code § 7-210[c]),and is liable for defects existing on the sidewalks abutting exempt properties (*id.*). Additionally, the City remains liable to maintain the curbs abutting public sidewalks because § 7-210 only shifted the responsibility of sidewalk maintenance to an abutting landowner, which is defined as "that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians" (New York City Administrative Code § 19-101[d]; *see also Ascencio v New York City Hous. Auth.*, 77 AD3d 592, 593 [1st Dept 2010] [Defendant, abutting property owner granted summary judgment in an action arising from an accident on a defective portion of the sidewalk when the evidence established that the accident occurred on the curb.]; *Garris v City of New York*, 65 AD3d 953, 953 [1st Dept 2009]). For this reason, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (*Vucetovic v Espom Downs*, 10 NY3d 517, 521 [2008]), and, provided there is prior written notice of a defect existing thereon, the City remains liable (*id.*).

Here, in accordance with §7-210, the City has made a prima facie showing that it is not liable for plaintiff's accident because the City did not own the property abutting the sidewalk, nor did it have prior written notice of the alleged condition. In addition, the City did not cause or create the alleged sidewalk condition. Indeed, based on §7-210, the operative statute, the issues determinative of the City's liability in the instant action are: (1) the sidewalk location of the alleged accident; (2) the non-City ownership of the real property abutting the location where the alleged accident occurred; and (3) the non-exempt building classification of the abutting property.

As to the first issue, plaintiff's allegations, testimony, and the accompanying photographs consistently pinpoint the sidewalk adjacent to the northeast corner of West 31st Street and 8th Avenue as the site of the purported accident (*see* City's Exhibits A, B, E, F, G, and K). This evidence sufficiently establishes that the alleged incident took place on the sidewalk bordering the northeast corner of West 31st Street and 8th Avenue. Consequently, based on the location of the plaintiff's accident—a sidewalk adjacent to a non-exempt property—the City bears no liability.

Regarding the second and third matters, the City submits Department of Finance ("DOF") search records indicating that it did not own the property on October 26, 2011 (*see* City's Exhibit R). Additionally, the search reveals that the property was categorized as "Building Class U6" (railroad-private ownership) (*id.* at ¶ 6). Importantly, the subject property was also not classified as a one-, two-, or three-family solely residential property (*id.*). Since the property does not fall under any of the exemptions outlined in §7-210, the owner of the subject property is not exempt from the liability-shifting provisions stipulated in said statute.

Plaintiff's submissions, claims, and testimony establish: (1) the occurrence of the alleged accident on the sidewalk adjacent to the northeast corner of West 31st Street and 8th Avenue; (2) the non-City ownership of the real property situated at the northeast corner of West 31st Street and 8th Avenue; and (3) that the "Building Class U6" (railroad-private ownership) property is not exempt from the liability-shifting provisions of §7-210 due to its non-City ownership. Similarly, the property does not qualify as a one-, two-, or three-family solely residential property. Consequently, in accordance with §7-210, the "city shall not be liable for any injury to property or personal injury, including death, proximately caused by the failure to maintain" the sidewalk at the northeast corner of West 31st Street and 8th Avenue.

In addition, generally a municipal defendant bears no liability under a defect falling within the ambit of §7-201(c)(2) of the New York City Administrative Code, "unless the injured party can demonstrate that a municipality failed or neglected to remedy a defect within a reasonable time after receipt of written notice" (*Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]). Even when there is evidence that the municipality had prior written notice of a defective condition, liability for the same is obviated upon evidence that the same was repaired prior to a plaintiff's accident (*Lopez v Gonzalez*, 44 AD3d 1012, 1013 [2d Dept 2007] [Municipal defendant granted summary judgment because, inter alia, while it had prior written notice of the condition alleged, it had repaired it and no further written notice existed at least 15 days prior to plaintiff's accident]). An exception to the foregoing exists, however, where it is claimed that the municipal defendant affirmatively created the condition alleged to have caused plaintiff's accident, in which case, the absence of prior written notice is no barrier to liability (*Elstein v City of New York*, 209 AD2d 186, 186-187 [1st Dept 1994]; *Bisulco v City of New York*, 186 AD2d 85, 85 [1st Dept 1992]). A

400032/2014   REID, MARGARET vs. CITY OF NEW YORK                              Page 3 of 7
Motion No.  004

3 of 7

plaintiff seeking to proceed on a theory that the municipality created the defect alleged, however, must establish that the defective condition was improperly installed so as to bring the defect out of the ambit of ordinary wear and tear (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Oboler v City of New York*, 8 NY3d 888, 890 [2007]). Stated differently, the proponent of a claim that a municipal defendant created a dangerous condition must establish that work performed by the municipal defendant was negligently performed such that it "immediately result[ed] in the existence of [the] dangerous condition" alleged (*Yarborough* 10 NY3d at 728, *supra* [internal quotation marks omitted]).

Prior written notice laws are strictly construed, and their words are to be given neither "an artificial, forced or unnatural meaning," (*Zigman v. Town of Hempstead*, 120 AD2d 520, 521 [2d Dept 1986]), nor "a strained interpretation to defeat their obvious intent" (*Freeman v. County of Nassau*, 95 AD2d 363, 364 [2d Dept 1983]). There must be evidence that the City was provided with prior notice of the specific defect involved, and not merely a similar condition (*see D'Onofrio v. City of New York*, 11 NY3d 581 [2008]; *Belmonte v. Metro Life Ins. Co.*, 759 NYS2d 38 [1st Dept 2003]).

Here, the City has established, prima facie, that it did not receive prior written notice of the subject condition involving a raised sidewalk located at the northeast corner of West 31st Street and 8th Avenue. Indeed, because of plaintiff's allegations and testimony, the New York City Department of Transportation ("DOT") conducted two segment searches, as well as a pedestrian ramp search for records pertaining to the subject location (*see* City's Exhibits M, N, O, P, Q). Indeed, Talia Stover, a DOT employee, performed two segment searches for two years prior to and including October 26, 2011, the date of plaintiff's alleged incident, for the sidewalk located at 8th Avenue between 31st Street and 33st Street, and for the sidewalk located at 31st Street between 75 Avenue and 8th Avenue (*see* Record Search Affidavit, City's Exhibit M and DOT Search Results, City's Exhibits N and O). Additionally, Danny Garcia, another DOT employee, performed a search for records for the pedestrian ramp located at the northeast corner of 8th Avenue and West 31st Street (corner of Penn Plaza), for two years prior to and including October 26, 2011 (*see* City's Exhibits P and Q). Even if the permits revealed were to be construed as providing prior written notice, which they did not, it is well-established that permits merely issues by the DOT do not constitute prior written notice (*see Meltzer v. City of New York*, 156 AD2d 124 [1st Dept 1989]; *Levberg v. City of New York*, 282 AD2d 239, 242 [1st Dept 2001]); *Bolanos v. City of New York*, 29 AD3d 455, 456 [1st Dept 2006]).

Likewise, the corrective action requests, inspections, and complaints revealed in the DOT searches show that the City did not receive prior written notice of the subject condition. A review of the combined one-hundred twelve (112) inspections contained in the search reveal that all the inspections were either for work performed at locations other than that of plaintiff's accident location, related to different conditions than that alleged by plaintiff, work was not started, or resulted in a passing condition. Accordingly, these records show that the City did not receive prior written notice (see City's Exhibits N and O).

In a manner akin to the inspections, the complaints fail to furnish prior written notice. The Court of Appeals has unequivocally stated that 3-1-1 complaints alone do not fulfill the prior written notice prerequisite (*Gorman v. Town of Huntington*, 12 N.Y.3d 275, 280 [2009]).

Furthermore, the Appellate Division, First Department, has expressly upheld this principle, affirming that a 311-call report is insufficient to imply prior written notice to the City for the purpose of meeting the requirements of §7-201(c) (*see Batts v. City of New York*, 93 AD3d 425 [1st Dept 2012]).

Upon reviewing the collective eleven (11) complaints documented in the DOT searches, it is evident that all the complaints pertained either to locations distinct from that of plaintiff's accident site or addressed entirely different conditions from those alleged by plaintiff. Consequently, these records indicate that the City did not receive prior written notice (*see* City's Exhibits N, O, and Q).

Viewed comprehensively, the DOT records indicate that the City did not receive written notice concerning the condition in question situated on the sidewalk at the northeast corner of 8th Avenue and West 31st Street in the County, City, and State of New York prior to the purported incident. Each inspection and complaint, without exception, was either directed towards a location entirely distinct from plaintiff's accident site, addressed a defect entirely different from that alleged by plaintiff, or resulted in a passing grade or a "work not started" status before the accident date. Consequently, these records fail to sufficiently establish liability on behalf of the City and do not constitute prior written notice for the City.

Likewise, the Big Apple Maps concerning the specified location fail to exhibit prior written notice of the alleged sidewalk condition at that site. Indeed, the Court of Appeals has decisively ruled that precise notice on the map is necessary to meet the requirement of prior written notice (*D'Onofrio v. City of New York*, 11 NY3d 581 [2008]). Merely having a nearby defect is inadequate to constitute prior written notice of another defect (*Leary v. City of Rochester*, 67 NY2d 866 [1986]). Given that the City lacked notice regarding the particular defect in question here, it has effectively demonstrated the absence of prior written notice.

Lastly, the Court of Appeals has determined that in the absence of documented written notice of a defective condition, a municipality may be held liable for affirmative negligence (*see Poirier*, 85 NY2d 310, *supra*). In this instance, although the City is not tasked with the burden of proving that it did not cause or generate the purported defect, the DOT conducted a thorough search for records concerning the sidewalk at the specified site. This investigation produced findings indicating not only that the City did not receive written notice of the condition in question prior to the incident date, but also that the City did not instigate or produce the alleged condition. Based on the outcomes of the DOT inquiry, the evidence establishes that the City did not initiate or create the condition present on the sidewalk situated at the northeast corner of 8th Avenue and West 31st Street.

In opposition to City's prima facie showing here, plaintiff raised the following contentions: (1) "that there may have been additional maps or written notices filed with DOT prior to the Big Apple Maps from October 2003 that show the condition of the area where Plaintiff fell." (2) that "the City requested that DOT perform a search for documents for two years prior to date  of incident, however, there is no time limit on prior written notice . . . and it cannot be said that no such notice exists . . . and since the City did not produce an affidavit from any individual indicating that no other notices were found, their motion should be denied." (3) that the City's argument that

they did not cause or create the defect because there were no permits to the City in the search results, does not prove anything since "there is no evidence that a permit would even be required to allow a City work crew to perform work at a particular location" and that " none of the work indicated on the gang sheets provided by the City was accompanied by a permit issued to DOT." (4) "The City's claim of non-ownership of the property where the accident occurred is facially defective" since "it is his job to respond to FOIL requests" and "lacking from the exhibit is the date the search was purportedly conducted and a copy of the search results, so there is no way of confirming the accuracy of either the search parameters of the results."

Plaintiff fails to present any evidence that raises a triable issue of fact, let alone any form of prior written notice concerning the particular defect at hand. Instead, plaintiff contends that "there may have been additional maps or written notices filed with DOT prior to the Big Apple Maps from October 2003 that show the condition of the area where Plaintiff fell," and argues that "there is no time limit on prior written notice... and it cannot be said that no such notice exists... and since the City did not produce an affidavit from any individual indicating that no other notices were found, their motion should be denied." Such language is entirely speculative and does not meet the plaintiff's burden in opposition, which requires the production of evidence in admissible form. Therefore, it is insufficient to raise a material issue of fact regarding whether the City received prior written notice of the specific sidewalk condition.

Furthermore, plaintiff's argument asserting that the City conducted a search only for two years prior to and including the date of the incident, and that "there is no time limit on prior written notice... and it cannot be said that no such notice exists" and that "there may have been additional maps or written notices filed with DOT prior to the Big Apple Maps from October 2003 that show the condition of the area where Plaintiff fell," lacks merit. The Case Scheduling Order specifically mandated a two-year record search, and numerous precedents outlined below affirm that a two-year search is adequate for the City to fulfill its obligation (*see Tucker v. City of New York*, 84 AD3d 640 [1st Dept 2011] [summary judgment in favor of the City upheld where the City demonstrated, through a two-year search for records, that it did not create the subject defect and did not possess prior written notice of a tree well defect]).

In this case, plaintiff submitted her note of issue and certified that discovery was concluded. Plaintiff suggests that "there may have been additional maps or written notices filed with DOT prior to the Big Apple Maps from October 2003 that show the condition of the area where Plaintiff fell," and argues that "there is no time limit on prior written notice... and it cannot be said that no such notice exists." However, this assertion is speculative and lacks any evidentiary basis to support it.

Finally, where, as here, the City makes this prima facie of a lack of prior written notice, the burden shifts to plaintiff to demonstrate that the City engaged in work "that immediately result[ed] in the existence of a dangerous condition" (*Oboler*, 8 NY3d at 889, *supra*). The burden of making such a showing rests with plaintiff in her opposition (*Yarborough*, 10 NY3d at 728, *supra*). Here, plaintiff has failed her burden to offer such evidence. Indeed, the statements made by plaintiff amount to mere speculation unsupported by any admissible evidence, which fails to demonstrate any link between the claimed sidewalk condition and any City work at the location of plaintiff's incident.

400032/2014   REID, MARGARET vs. CITY OF NEW YORK                          Page 6 of 7
Motion No.  004

[* 6]                                                    6 of 7

In light of the facts and evidence presented, it is clear that pursuant to §7-210, the City is not liable for plaintiff's accident because the City did not own the property abutting the subject sidewalk, did not have prior written notice of the alleged sidewalk condition, as required pursuant to §7-201, and did not cause and create an immediately dangerous condition for which it may be held liable. As plaintiff has failed to show that there are triable issues of material fact regarding the City's non-liability in the instant matter beyond plaintiff's speculative assertions, summary judgment in favor of the City is appropriate, and plaintiff's verified complaint and all cross-claims must be dismissed as against the City. Accordingly, it is hereby

ORDERED that the City's motion for summary judgment is granted in its entirety, and it is further

ORDERED that the Clerk of the Court is directed to enter judgment dismissing all claims and cross-claims against the City; and it is further

ORDERED that with the City's removal from this matter, the Clerk of Court is directed to transfer this matter to the inventory of a non-City part.

This constitutes the decision and order of the court.

**3/14/2024**
**DATE**

HASA A. KINGO, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

400032/2014   REID, MARGARET vs. CITY OF NEW YORK          Page 7 of 7
Motion No.  004

[* 7]                                                    7 of 7