■ SHAMIQUA M. CUFFEY, an Infant, by Her Mother and Natural Guardian, DEBORAH R. CUFFEY, et al., Appellants, v CITY OF NEW YORK, Respondent. [680 NYS2d 14] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about August 12, 1997, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly dismissed plaintiffs' complaint in light of plaintiffs' failure to raise a triable issue as to whether defendant had prior written notice, pursuant to Administrative Code of the City of New York § 7-201 (c) (2), of the sidewalk defect alleged to have caused the infant plaintiff's harm (*see, Curci v City of New York*, 209 AD2d 574, 574-575). The alleged curb and/or sewer cap defect does not appear on the relevant map prepared by the Big Apple Pothole and Sidewalk Corporation relied upon by plaintiffs to establish that defendant was afforded the requisite notice. We note in addition that while prior written notice is not a condition of municipal liability where a plaintiff is able to demonstrate that the City caused or created the alleged defect, here plaintiff has presented no evidence to sustain such a theory (*compare, Cruz v City of New York*, 218 AD2d 546). Concur—Nardelli, J. P., Rubin, Tom and Andrias, JJ.