■ The People of the State of New York, Respondent, v Juan Perdomo, Appellant. [759 NYS2d 322] —Judgment, Supreme Court, Bronx County (Peter Benitez, J., at plea; Barbara Newman, J., at sentence), rendered September 18, 2000, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

Defendant's argument that his plea was not knowing and voluntary in that the court gave him insufficient information as to postrelease supervision is unpreserved (*see People v Curry*, 301 AD2d 658 [2003]; *People v White*, 296 AD2d 867 [2002], *lv denied* 99 NY2d 540 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the plea allocution adequately covered this subject. Concur—Buckley, P.J., Tom, Ellerin, Lerner and Friedman, JJ.

■ Juana Cardona et al., Appellants, v City of New York, Respondent. [759 NYS2d 323] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about December 5, 2001, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In light of defendant City's showing that it was not notified of the complained-of street defect pursuant to Administrative Code of the City of New York § 7-201 (c) (2), the burden shifted to plaintiffs to raise a triable issue as to whether defendant affirmatively caused or created the defect (*see Bruni v City of New York*, 302 AD2d 545, 546 [2003]; *Cuffey v City of New York*, 255 AD2d 203 [1998]). Even if it is assumed that defendant dug the trench from which certain pavement cracks seem to originate, plaintiffs' proof does not permit a reasonably reliable inference that the defect was a consequence of defendant's allegedly negligent work (*see Carbo v City of New York*, 275 AD2d 439 [2000]), rather than "normal" pavement deterioration over time (*see Zizzo v City of New York*, 176 AD2d 722, 723 [1991]). Concur—Buckley, P.J., Tom, Ellerin, Lerner and Friedman, JJ.