■ ELSIE REGAN et al., Appellants, v TOWN OF NORTH HEMPSTEAD, Respondent, et al., Defendants. [887 NYS2d 259]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), entered August 8, 2008, which granted that branch of the motion of the defendant Town of North Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Elsie Regan allegedly was injured when she tripped and fell over a raised portion of sidewalk in front of premises located in New Hyde Park. As a result, the injured plaintiff and her husband Tom Regan, suing derivatively, commenced this action to recover damages for personal injuries, against, among others, the Town of North Hempstead. The Town moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not have prior written notice of the alleged sidewalk defect, as required by the Town of North Hempstead Code § 26-1. The Supreme Court granted that branch of the Town's motion. We affirm.

A municipality that has enacted a prior written notice law is excused from liability absent proof of prior written notice or an exception thereto (*see Poirier v City of Schenectady,* 85 NY2d 310, 313 [1995]; *Marshall v City of New York,* 52 AD3d 586 [2008]; *Gilmore v Village of Hempstead,* 47 AD3d 676 [2008]). The Court of Appeals has recognized two exceptions to this rule "namely, where the locality created the defect or hazard through an affirmative act of negligence" and "where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *see Trinidad v City of Mount Vernon,* 51 AD3d 661 [2008]; *Delgado v County of Suffolk,* 40 AD3d 575 [2007]).

Here, the Town established its entitlement to judgment as a matter of law by demonstrating, prima facie, that it did not have prior written notice of the alleged sidewalk defect (*see* Town of North Hempstead Code § 26-1; *Delgado v County of Suffolk,* 40 AD3d 575 [2007]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see McCarthy v City of White Plains,* 54 AD3d 828 [2008]).

Accordingly, the Supreme Court properly granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Eng, Belen and Hall, JJ., concur. [*See* 2008 NY Slip Op 31777(U).]