■ ELIZABETH HOLMES, Appellant, v TOWN OF OYSTER BAY et al., Respondents, et al., Defendants. [919 NYS2d 207]—

The plaintiff allegedly sustained injuries when she tripped on a tree stump in a tree well located in a utility strip, which ran parallel to a sidewalk in the Town of Oyster Bay, abutting the property of the defendant DataPlus Management, LLC (hereinafter DataPlus).

DataPlus met its prima facie burden of demonstrating its entitlement to judgment as a matter of law. An adjoining landowner may be liable for injuries caused by a sidewalk defect only where it affirmatively created the dangerous condition, negligently made repairs to the area, caused the dangerous condition to occur through a special use of the area, or violated a statute which expressly imposes liability on the property owner for failure to maintain the abutting sidewalk (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 520 [2008]; *Hausser v Giunta*, 88 NY2d 449, 453 [1996]; *Grier v 35-63 Realty, Inc.*, 70 AD3d 772, 773 [2010]).

Although Code of Town of Oyster Bay § 205-2 imposes a duty on landowners to maintain the sidewalk abutting their properties in good and safe repair and free from obstructions, this duty did not extend to the subject tree well, located in the utility strip (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d at 520; *Grier v 35-63 Realty, Inc.*, 70 AD3d 772 [2010]; *Smirnova v City of New York*, 64 AD3d 641, 642 [2009]; *Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d 943, 946 [2008]). Further, DataPlus established that it did not create the allegedly dangerous condition, that the condition was not the result of its negligent repair, and that it did not make any special use of the subject area (*see Grier v 35-63 Realty, Inc.*, 70 AD3d at 773; *Smirnova v City of New York*, 64 AD3d at 642). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of DataPlus's renewed cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Town also demonstrated its prima facie entitlement to judgment as a matter of law. Where, as here, a municipality has enacted a prior written notice law (*see* Code of Town of Oyster Bay § 160-1), it cannot be held liable absent proof of the requisite notice or an exception to that requirement (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Regan v Town of N. Hempstead*, 66 AD3d 863, 864 [2009]). The Town established that it did not have prior written notice of the alleged defect. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the area in which she fell was within the purview of the Town's prior written notice law (*see*

*Woodson v City of New York,* 93 NY2d 936, 937 [1999]; *Mullen v Town of Hempstead,* 66 AD3d 745 [2009]; *see generally Amabile v City of Buffalo,* 93 NY2d at 474; *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 366 [1966]), and the plaintiff does not assert that an exception to the prior written notice requirement is applicable here (*see Regan v Town of N. Hempstead,* 66 AD3d 863 [2009]; *Delgado v County of Suffolk,* 40 AD3d 575 [2007]). Accordingly, the Supreme Court properly granted the Town's renewed motion for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court properly denied the plaintiff's cross motion for leave to serve a supplemental bill of particulars, as the proposed amendment was patently lacking in merit (*see* Code of Town of Oyster Bay § 205-3; *Gonzalez v Pon Lin Realty Corp.,* 34 AD3d 638, 639 [2006]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.