(May 26, 2011)

■ CARLTON TUCKER et al., Appellants, v CITY OF NEW YORK, Respondent. [923 NYS2d 525]—

Judgment, Supreme Court, New York County (Karen S. Smith, J.), entered October 27, 2009, dismissing the complaint, and bringing up for review an order, same court and Justice, entered June 24, 2009, which granted defendant's motion for summary judgment, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this appeal, we consider whether the New York City Pothole Law (Administrative Code of City of NY § 7-201 [c] [2]) requires plaintiff to show that the City received prior written notice of the purported tree well defect that allegedly caused him to be thrown from his bike, notwithstanding the Court of Appeals' determination in *Vucetovic v Epsom Downs, Inc.* (10 NY3d 517 [2008]) that tree wells are not part of the sidewalk within the meaning of section 7-210 of the Administrative Code. Given the distinct purposes of Administrative Code § 7-201 (c) (2) and § 7-210, and the different language employed therein, we find that *Vucetovic* is not determinative of the issue and that the Pothole Law is applicable.

Section 7-210 of the Administrative Code, which was enacted "in an effort to transfer tort liability from the City to adjoining property owners as a cost-saving measure" (*Vucetovic*, 10 NY3d at 521), thereby creating new liability, provides, in pertinent part:

"a. It shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition.

"b. Notwithstanding any other provision of law, the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags and the negligent failure to remove snow, ice, dirt or other material from the sidewalk. . . .

"c. Notwithstanding any other provision of law, the city shall not be liable for any injury to property or personal injury, including death, proximately caused by the failure to maintain sidewalks . . . in a reasonably safe condition."

In *Vucetovic*, the Court of Appeals, "guided by the principle that 'legislative enactments in derogation of common law, and especially those creating liability where none previously existed,' must be strictly construed," held that "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (10 NY3d at 521 [citation omitted]). "Acknowledging that th[e] case present[ed] a close question" (*id.*), the Court explained: "Here, sections 19-152 and 16-123, the provisions whose language section 7-210 tracks, contemplate the installation, maintenance, repair and clearing of sidewalks or sidewalk flags. Significantly, tree wells are not mentioned in sections 19-152, 16-123 or 7-210. And while section 7-210 employs the phrase 'shall include, but not be limited to,' this clause *applies to the types of maintenance work to be performed, not the specific features of what constitutes a sidewalk*. Given the statutory silence and the absence of any discussion of tree wells in the legislative history, it seems evident that the City Council did not consider the issue of tree well liability when it drafted section 7-210. If the City Council desired to shift liability for accidents involving tree wells exclusively to abutting landowners in derogation of the common law, it needed to use specific and clear language to accomplish this goal" (*id.* at 521-522 [emphasis added]).

Section 7-201 (c) (2) was enacted to address "the vexing problem of municipal street and sidewalk liability" (*Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629, 633 [1974]). Recognizing "the reality that municipal officials are not aware of every dangerous condition on [the municipality's] streets and public walkways" (*Poirier v City of Schenectady*, 85 NY2d 310, 314 [1995]), the section ensures that the City receives written notice of defects in the public way so that it may repair a problem before there is liability. In contrast to section 7-210, which is limited to sidewalks, section 7-201 (c) (2) provides: "No civil action shall be maintained against the city for damage to property or injury to person or death sustained in consequence of any . . . sidewalk . . . or any part or portion of any [sidewalk] *including any encumbrances thereon or attachments thereto*, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition, was actually given to the commissioner of transportation or any person or department authorized by the commissioner to receive such notice" (emphasis added).

This broad language, encompassing a sidewalk and "any encumbrances thereon or attachments thereto," is addressed to the features of a sidewalk, and not to the type of maintenance

work to be performed, and requires a plaintiff to show that the City received prior written notice of the alleged tree well defect, a soil level below the sidewalk area, in violation of 34 RCNY 2-09 (f) (4) (xx) (B) (see *Fuhrmann v City of Binghamton*, 31 AD3d 1036, 1036 [2006]; *O'Reilly v City of New York*, 2010 NY Slip Op 32240[U] [Sup Ct, NY County 2010]; *Beatty v City of New York*, 2010 NY Slip Op 30608[U] [Sup Ct, NY County 2010]; *Shulman v House of the Redeemer*, 2010 NY Slip Op 32038[U] [Sup Ct, NY County 2010]).

We reject the argument that a tree well is not an "encumbrance" on or an "attachment" to the sidewalk, but an area adjacent to and separate and distinct from the sidewalk. While the terms "encumbrances thereon or attachments thereto" are not defined in the statute, the American Heritage Dictionary of the English Language 589 (4th ed 2006) defines an encumbrance as "a burden or impediment." It defines an impediment as "something that impedes, a hindrance or obstruction." (*id.* at 879). As the photographs in the record before us demonstrate, the tree well is inserted into the sidewalk, which surrounds it on three sides, and is clearly an impediment to pedestrians who traverse the sidewalk.

This interpretation is consistent with precedent. In *Meltzer v City of New York* (156 AD2d 124 [1989]), the plaintiff tripped on a projecting gas valve housing on a Manhattan street. The motion court dismissed the complaint as against the City on the ground of lack of prior written notice. This Court affirmed, finding that the "minor street defect" was an "encumbrance" or "attachment" covered by the Pothole Law (*id.* at 124). There is no significant difference between the gas valve housing in *Meltzer* and the tree well at issue here—both constitute an "encumbrance" on or "attachment" to the sidewalk.

In *Oboler v City of New York* (8 NY3d 888 [2007]), the plaintiff fell after stepping on a depressed manhole cover in the street. There was a 1- to 1½-inch height differential between the edge of the asphalt and the manhole cover. In affirming the dismissal of the action, the Court of Appeals stated that "[t]he City had no prior written notice of the hazard allegedly presented by the depressed manhole cover, as required under the Pothole Law" (8 NY3d at 889). Here, the alleged defect is a six-inch differential between the soil in the tree well and the surrounding sidewalk, which is sufficiently similar to a depressed manhole cover so as to require notice under the Pothole Law (*see also DeSilva v City of New York*, 15 AD3d 252 [2005] [summary judgment granted to the City because there was no prior notice of manhole cover resting on subway grating]; *Cuffey v City of New York*, 255 AD2d

203 [1998] [action against City dismissed because there was no prior notice of alleged curb and/or sewer cap defect]; *Curci v City of New York*, 209 AD2d 574 [1994] [action against City dismissed because there was no prior notice of several-inch depression in grassy area between the curbline and the sidewalk]).

Plaintiff's argument that excluding tree wells from Administrative Code § 7-210 while including them in section 7-201 (c) (2) would lead to an illogical outcome ignores the difference in the language employed in the two sections. *Vucetovic v Epsom Downs, Inc.* (10 NY3d 517 [2008], *supra*) does not address whether prior written notice is required to maintain an action against the City for failing to maintain a tree well, and section 7-210 (d) expressly provides that "[n]othing in this section shall in any way affect the provisions of this chapter or of any other law or rule governing the manner in which an action or proceeding against the city is commenced, including any provisions requiring prior notice to the city of defective conditions." Indeed, in *Ortiz v City of New York* (67 AD3d 21, 29 [2009], *revd on other grounds* 14 NY3d 779 [2010]), this Court applied the Pothole Law to ramps installed by the City even though they are not sidewalk flags or part of the sidewalk under *Vucetovic*.

Similarly, the Second Department recently held that a tree well was within the ambit of the Town of Oyster Bay's written notice requirement (*see Holmes v Town of Oyster Bay*, 82 AD3d 1047 [2011]). In *Holmes*, the plaintiff allegedly sustained injuries when she tripped on a tree stump in a tree well located in a utility strip that ran parallel to a sidewalk. Citing *Vucetovic*, the Court found that the abutting landowner was entitled to summary judgment because Code of Town of Oyster Bay § 205-2, which imposes a duty on landowners to maintain the sidewalk abutting their properties in good and safe repair and free from obstructions, did not extend to the tree well. The Court found that the Town was also entitled to summary judgment: "Where, as here, a municipality has enacted a prior written notice law (*see* Code of Town of Oyster Bay § 160-1), it cannot be held liable absent proof of the requisite notice or an exception to that requirement . . . Contrary to the plaintiff's contention, the area in which she fell was within the purview of the Town's prior written notice law, and the plaintiff does not assert that an exception to the prior written notice requirement is applicable here" (82 AD3d at 1048-1049 [citations omitted]).

Given the applicability of the Pothole Law, the lack of prior written notice of the alleged defect, and the absence of any evidence that the City created the alleged defect through an affir-

mative act of negligence or made a special use of the subject tree well, the City may not be held liable even if it had actual or constructive notice of the alleged defect (*see Amabile v City of Buffalo*, 93 NY2d 471, 474, 475-476 [1999]), and notwithstanding that, as it happens, it owns the abutting property (*see* Administrative Code § 7-210 [d]). Concur—Gonzalez, P.J., Mazzarelli, Andrias and Richter, JJ.