*560 Plaintiff sanitation worker was injured when, in the course of his duties, he sustained an electric shock after touching a lamppost. An inspection of the lamppost’s control box showed that an exposed copper wire was touching the side of the base. Petrocelli had contracted with the City for the maintenance and inspection of certain electrical equipment in the City, including the subject lamppost.
The motion court properly declined to dismiss the action as against the City. Assuming that the subject lamppost is an “encumbrance” or “attachment” to the sidewalk thereby requiring that there was prior written notice of the defective condition in accordance with Administrative Code of the City of New York § 7-201 (c) (see e.g. Tucker v City of New York, 84 AD3d 640 [1st Dept 2011], lv denied 17 NY3d 713 [2011]; see also Bisulco v City of New York, 186 AD2d 84 [1st Dept 1992]), the record presents triable issues of fact as to whether there was notice to the City. Such evidence included Petrocelli’s records showing that it had received a complaint from the City concerning an unauthorized access to a lamppost’s electrical wiring at the subject intersection. There were also complaints about traffic lights malfunctioning at the intersection.
The record also demonstrates that Petrocelli’s motion should have been denied. Triable issues exist as to whether Petrocelli performed its duty to inspect the lamppost in accordance with the terms of its contract with the City, and if it did not, whether this failure created or exacerbated the defect which allegedly caused plaintiffs injury (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]).
We have considered the remaining arguments and find them unavailing. Concur — Andrias, J.P, Sweeny, Catterson, Moskowitz and Manzanet-Daniels, JJ.