■ ADELA KELLEY, Appellant, v INCORPORATED VILLAGE OF HEMPSTEAD, Defendant, MADONNA HOLDINGS, LLC, Defendant/Third-Party Plaintiff-Respondent, 7-11, INC., et al., Respondents, and BHUPINDAR SINGH SAINI, Defendant/Third-Party Defendant-Respondent. [30 NYS3d 279]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered July 14, 2014, which granted the motion of the defendant/third-party plaintiff, Madonna Holdings, LLC, and the separate motion of the defendants 7-11, Inc., and Southland Corporation and the defendant/third-party defendant, Bhupindar Singh Saini, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal from so much of the order as granted those branches of the motions which were for summary judgment dismissing the cross claims insofar as asserted against the movants are dismissed, as the plaintiff is not aggrieved by those portions of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs payable to the defendant/third-party plaintiff-respondent and the defendants-respondents and the defendant/third-party defendant-respondent appearing separately and filing separate briefs.

The plaintiff allegedly sustained personal injuries when she tripped and fell over a stop sign post stump in a grass strip between a sidewalk and curb in the defendant Incorporated Village of Hempstead. The plaintiff commenced this action against the Village, Madonna Holdings, LLC (hereinafter Madonna Holdings), the owner of the property adjacent to the grass strip, 7-11, Inc. (hereinafter 7-11), and Southland Corporation (hereinafter Southland). Southland and 7-11 leased one of the property units near the accident site.

Thereafter, Madonna Holdings commenced a third-party action against Bhupindar Singh Saini, the franchisee of the 7-11 store, and the plaintiff amended her complaint in order to name Saini as a defendant in the main action. The Supreme Court granted those branches of the motion of Madonna Holdings and the separate motion of 7-11, Southland, and Saini which were for summary judgment dismissing the complaint insofar as asserted against each of them. We affirm.

The movants demonstrated their prima facie entitlement to judgment as a matter of law. Although section 116-1 (A) through (B) of the Code of the Village of Hempstead imposes a duty on adjacent landowners and their tenants to maintain sidewalks, including any grass strips, and to keep them free of all obstructions, this duty does not extend to stop sign posts. Pursuant to Vehicle and Traffic Law § 1115 (a), "No person shall without lawful authority attempt to or in fact alter, deface, injure, knock down, cover, remove, or otherwise interfere with any official traffic-control device or . . . any other part thereof." Accordingly, the movants did not have the authority or the duty to remove the stop sign post stump which allegedly caused the plaintiff's accident (*see Holmes v Town of Oyster Bay*, 82 AD3d 1047, 1048 [2011]; *Smith v 125th St. Gateway Ventures, LLC*, 75 AD3d 425, 425 [2010]).

In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted against each of the movants.

In light of our determination, we need not reach the plaintiff's remaining contention. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.