Funkelstein v City of New York (2020 NY Slip Op 05986)





Funkelstein v City of New York


2020 NY Slip Op 05986


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 154324/16 Appeal No. 12162 Case No. 2019-4819 

[*1]Bella Funkelstein, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Law Office of Alan D. Levine, Kew Gardens (Alan D. Levine of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Kevin Osowski of counsel), for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about May 2, 2019, which granted defendant the City of New York's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff commenced this action for personal injuries she allegedly sustained when she tripped and fell on a metal cover owned by the City, which housed a pull box that was used to power pedestrian and vehicular traffic lights. Plaintiff concedes that the City did not have prior written notice of the alleged defect and does not argue that the City created the defect through an affirmative act of negligence. She argues, however, that since the City had a duty to repair the defective metal cover under 34 RCNY 2-07(b), no prior written notice was required. We reject this argument. Section 7-210 of the New York City Administrative Code requires plaintiff to show that the City received prior written notice of the alleged defect, in violation of 34 RCNY 2-07(b) (see Tucker v City of New York, 84 AD3d 640, 642-643 [1st Dept 2011], lv denied 17 NY3d 713 [2011]; see also Gavigan v City of New York, 99 AD3d 559, 560 [1st Dept 2012]).
We also reject plaintiff's alternate argument that prior written notice of the alleged defect was not required because the City made special use of the portion of the area where the metal cover was located and derived a special benefit from its use. As plaintiff acknowledges, the metal cover contained a pull box that was used for operating and providing power to pedestrian and vehicular traffic signals in the vicinity. Such use by the City did not provide it with a special benefit unrelated to the public use (see Aleksandrova v City of New York, 151 AD3d 427, 428 [1st Dept 2017]; Chambers v City of New York, 147 AD3d 471, 472 [1st Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020