Tigue v City of Newburgh (2022 NY Slip Op 04827)

Tigue v City of Newburgh

2022 NY Slip Op 04827

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-02768
 (Index No. 4461/17)

[*1]Joseph Tigue, et al., appellants, 
v
City of Newburgh, defendant, LSP Two, LLC, respondent.

Martin, Harding & Mazzotti, LLP, Albany, NY (Cassandra A. Kazukenus of counsel), for appellants.
Marc D. Orloff, P.C., Goshen, NY (Dennis J. Mahoney III of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated December 23, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant LSP Two, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Joseph Tigue allegedly sustained injuries when he tripped on a hole in a tree well in the City of Newburgh, abutting the property of the defendant LSP Two, LLC (hereinafter LSP). The plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against LSP and the City. LSP moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, granted that branch of LSP's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs appeal.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453; see Morelli v Starbucks Corp., 107 AD3d 963, 964). An adjoining landowner may be liable for injuries caused by a sidewalk defect only where it affirmatively created the dangerous condition, negligently made repairs to the area, caused the dangerous condition to occur through a special use of the area, or violated a statute which expressly imposes liability on the property owner for failure to maintain the abutting sidewalk (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520; Hausser v Giunta, 88 NY2d at 453; Hanus v Long Is. Rail Rd., 186 AD3d 679, 680-681; Holmes v Town of Oyster Bay, 82 AD3d 1047, 1048). "'[L]egislative enactments in derogation of common law, and especially those creating liability where none previously existed,' must be strictly construed" (Vucetovic v Epsom Downs, Inc., 10 NY3d at 521, quoting Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc., 3 NY3d 200, 206).
Although City of Newburgh Charter § C9.30 imposes upon owners or occupants of property a duty, among other things, to "maintain and repair" the sidewalk abutting their properties and to keep the sidewalk and the gutter abutting their land free and clear of snow and ice and other obstructions, this duty did not extend to the subject tree well (see Vucetovic v Epsom Downs, Inc., 10 NY3d at 521-522; Morelli v Starbucks Corp., 107 AD3d at 965; Holmes v Town of Oyster Bay, 82 AD3d at 1048; Hartofil v McCourt & Trudden Funeral Home, Inc., 57 AD3d 943, 946). Further, LSP established, prima facie, that it did not create the allegedly dangerous condition and that the condition was not a result of its negligent repair, and that it did not make any special use of the subject area (see Farrell v 225 Parkside, LLC, 173 AD3d 1138, 1139; Holmes v Town of Oyster Bay, 82 AD3d at 1048; Grier v 35-63 Realty, Inc., 70 AD3d 772, 773). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of LSP's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court