Gutierrez v City of New York (2023 NY Slip Op 01477)

Gutierrez v City of New York

2023 NY Slip Op 01477

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 30444/18E Appeal No. 17560 Case No. 2022-01426 

[*1]Ana Gutierrez etc., Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents, Consolidated Edison, Inc., et al., Defendants.

Law Office of Michael H. Joseph, P.L.L.C., White Plains (John V. Tait of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on March 7, 2022, which granted defendant City of New York's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
In 2017, the infant plaintiff allegedly was injured when she tripped and fell over a gap created at the edge of a tree well.
The City established its entitlement to summary judgment by presenting evidence that it did not cause or create the defect and had no prior written notice of the defect, and thus could not be held liable for the infant plaintiff's injury (Administrative Code of City of NY § 7-201[c][2]; see Tucker v City of New York, 84 AD3d 640, 642 [1st Dept 2011], lv denied 17 NY3d 713 [2011]). The Big Apple Map served on the City in 2003 showed symbols indicating a raised or uneven portion of the sidewalk in the area where plaintiff fell. However, there were no symbols showing defective tree wells in the area where the infant plaintiff fell; rather, the only symbols on the map indicating defective tree wells were shown in locations other than where the infant plaintiff fell. Awareness of the sidewalk defect is insufficient to constitute notice of the defect that actually caused the accident — that is, the tree well defect (see Roldan v City of New York, 36 AD3d 484, 484 [1st Dept 2007]).
In opposition, plaintiffs failed to submit evidence sufficient to raise an issue of fact as to prior written notice. Likewise, plaintiffs failed to establish their entitlement to summary judgment on their cross motion, since in the absence of ambiguity as to the location of the accident or how the accident happened, they could not establish prior written notice of the tree well defect based on the symbols on the Big Apple Map.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023