| **Kreindler v City of New York** |
| --- |
| 2024 NY Slip Op 31136(U) |
| April 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153525/2016 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**

*Justice*

| | | PART | 05M |

-------------------------------------------------------------------------------X

ARLENE KREINDLER, MICHAEL KREINDLER,

Plaintiff,

- v -

THE CITY OF NEW YORK, 723 ASSOCIATES LLC, LARSTRAND CORPORATION, FRIEDLAND PROPERTIES INC, ELI'S ESSENTIALS, ELIZABAR, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., OLSON'S CREATIVE LANDSCAPING CORP., EMPIRE CITY SUBWAY COMPANY (LIMITED), CEMUSA NY LLC, VALES CONSTRUCTION CORP, EAT LEXINGTON 87, LLC D/B/A ELI'S ESSENTIALS AND ELIZABAR

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153525/2016 |
| MOTION DATE | 05/23/2023 |
| MOTION SEQ. NO. | 011 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 011) 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 443, 445, 447, 449, 451, 453

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Defendant, City of New York ("City"), moves for an order pursuant to CPLR § 3212, granting summary judgment and dismissing the complaint and all cross-claims against the City. Plaintiffs Arlene Kreindler ("Plaintiff Arlene") and Michael Kreindler ("Plaintiff Michael")(collectively "Plaintiffs") oppose the motion. For the reasons stated herein, the City's motion is granted.

## BACKGROUND

On August 1, 2015, Plaintiff Arlene tripped and fell because of a depressed and uneven tree well located at 1390 Third Avenue between East 79th and East 80th Street (NYSCEF Doc No. 398, Herzog affirmation ¶ 2). Specifically, Plaintiff Arlene alleges that the soil in the tree well was not flush with the surrounding sidewalk (*id*. ¶ 37).

Plaintiff Arlene and Plaintiff Michael commenced this action on April 26, 2016 (*id*. ¶ 3). Plaintiffs subsequently filed amended complaints on December 13, 2016, and January 23, 2019 (*id*. ¶ 3). On February 14, 2018, issue was joined by the City's service of its answer to the amended complaint (*id*. ¶ 4). On February 4, 2016, Plaintiffs appeared for a hearing pursuant to General Municipal Law § 50-h (*id*. ¶ 18). Plaintiffs were deposed on September 29, 2017. The City produced two witnesses for deposition and the depositions were held on February 14, 2018, and October 17, 2022 (*id*. ¶¶ 24, 30). Co-Defendants 732 Associates LLC, Larstrand Corporation,

**153525/2016   KREINDLER, ARLENE vs. CITY OF NEW YORK**
**Motion No.  011**

**Page 1 of 4**

1 of 4

Friedland Properties, Inc., Eat Lexington 87 d/b/a Eli's Essentials, Elizabar, Olson's Creative Landscaping Corp., Empire City Subway Company (Limited), and Vales Construction Corp., were all previously granted summary judgment (*id.* ¶¶ 13, 14, 15). The action was discontinued as against Co-Defendant Cemusa NY, LLC (NYSCEF Doc No. 410, Exhibit K).

The City now moves for summary judgment to dismiss the complaint and all cross-claims against it on the grounds that the City did not have notice of the condition and it did not cause or create the condition. In support of its motion, the City offers uncontroverted evidence including testimony, pleadings, photographs, public records, and statutory regulations, which demonstrate that it did not have notice of the defective condition and it did not cause or create the defective condition. In support of these arguments, the City proffers evidence that it conducted a two-year Department of Transportation sidewalk search for the sidewalk located on Third Avenue between East 79th and East 80th Street (NYSCEF Doc No. 398, Herzog affirmation ¶ 22). The permits, corrective action requests, notices of violation, inspections, and complaints adduced by the search do not provide written notice of the subject condition (*id.* ¶¶ 23, 24). The City also offers evidence that the New York City Department of Parks and Recreation conducted a five-year search for records pertaining to the tree well alleged to have caused Plaintiff Arlene's accident (*id.* ¶ 25). The complaints, service requests, inspections and work orders do not provide written notice of the subject condition (*id.* ¶ 32). Moreover, the Big Apple Map does not contain any relevant symbols representing a sunken tree well (*id.* ¶ 51). The City argues that it did not cause or create the defective condition because the City inspected the work that was performed under the permits that were issued, and the work resulted in a "pass" or was unrelated to the subject tree well and soil (*id.* ¶¶ 70, 71). The City further proffers that there are no complaints or notices of violation issued to the City or contractor, and no evidence that the work performed at or near the subject location was unsatisfactory or caused the subject condition (*id.* ¶ 72).

Plaintiffs oppose the motion on the grounds that that there are issues of material fact regarding whether the City caused or created the depressed soil in the tree well. Plaintiff contends that the City has not proffered evidence that the condition of the tree well did not change over time from when the City conducted its inspection to when Plaintiff Arlene fell (NYSCEF Doc No. 451, Magrino affirmation ¶ 7). Plaintiff further contends that the City has not identified what qualifies as a passing inspection and whether the soil around the subject tree well was sufficient at the time of its inspection (*id.* ¶ 13).

In reply, the City argues that Plaintiffs fail to produce evidence sufficient to overcome the City's *prima facie* showing of entitlement to summary judgment. According to the City, the location of Plaintiff Arlene's fall is not in dispute, and Plaintiffs have not come forward with any evidence to show that the City had notice or caused or created the uneven soil in the tree well (NYSCEF Doc No. 453, Herzog affirmation ¶ 4).

## DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no

153525/2016   KREINDLER, ARLENE vs. CITY OF NEW YORK
Motion No. 011

Page 2 of 4

2 of 4

material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). To be a "material issue of fact" it "must be genuine, bona fide and substantial to require a trial" (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010] [internal quotation marks and citation omitted]).

It is well-settled that a tree well on the sidewalk constitutes an encumbrance thereon (*Tucker v City of New York*, 84 AD3d 640, 642–43 [2011]). To maintain a civil action against the City for personal injuries caused by a defective tree well, the City must have prior written notice of the defective condition and fail to remedy it (Admin Code § 7-201[c][2]; *O'Donoghue v City of New York*, 100 AD3d 402, 402 [2012]). Without the requisite notice, liability cannot be imposed (*O'Donoghue*, 100 AD3d at 402, *supra*).

In support of its motion, the City submits Plaintiff Arlene's notice of claim, testimony, and photographs to establish that Plaintiff Arlene fell after stepping into a tree well on the sidewalk located at 1390 Third Avenue between East 79th and East 80th Street. The consistency of Plaintiff Arlene's pleadings, testimony, and photographic evidence are sufficient to establish that Plaintiff Arlene fell in the tree well abutting 1390 Third Avenue. Plaintiffs do not dispute the location and cause of Plaintiff Arlene's accident (NYSCEF Doc No. 451, Magrino affirmation ¶ 6). As such, there is no material issue of fact regarding the location and cause of Plaintiff's accident.

The City has made a *prima facie* showing that it did not have notice of the sunken soil and that it did not cause the soil to become depressed from the sidewalk. The records proffered by the City are sufficient to establish that it did not have prior written notice that the soil in the subject tree well was not as high as the surrounding sidewalk. Plaintiffs do not advance any facts that contradict the City's evidence and Plaintiffs' argument that something could have transpired between the time the City inspected the tree well and Plaintiff Arlene's fall is speculative, not supported by the record, and hence insufficient to raise an issue of fact (*see Hyland v. City of New York*, 32 AD3d 822, 823 [2d Dept 2006]). As such, there is no issue of material fact that the City did not have notice of the subject condition. The City has also made a *prima facie* showing that it did not cause or create the subject condition. The records proffered by the City are sufficient to establish that it was not doing work to the subject tree well and did not cause or create the subject condition. Plaintiffs do not advance any facts that contradict this evidence or otherwise suggest that the City caused or created the depressed soil. As such there is no issue of material fact that the City did not cause or create the subject condition. Accordingly, as the City has established that Plaintiff fell in a tree well abutting 1390 Third Avenue and that the City did not have prior written notice that the soil was depressed from the sidewalk and did not cause the soil to become depressed

153525/2016   KREINDLER, ARLENE vs. CITY OF NEW YORK
Motion No.  011

Page 3 of 4

from the sidewalk, summary judgment dismissal of Plaintiffs' complaint and all cross-claims is warranted. It is therefore hereby

ORDERED that the motion for summary judgment is granted and the complaint and cross-claims are dismissed against the City; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of defendant the City of New York and dismissing the claims and cross-claims made against the City in this action; and it is further

ORDERED that the Clerk of the Court is further directed to transfer this matter to the inventory of a non-City part.

This constitutes the decision and order of the court.

20240404131303HKING070051DX658534658BA8F5CC998B31668

__4/4/2024__
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**153525/2016   KREINDLER, ARLENE vs. CITY OF NEW YORK**
**Motion No.  011**

Page 4 of 4

[* 4]