Minqing Jin v Cheung's Holding Corp. (2024 NY Slip Op 04957)

Minqing Jin v Cheung's Holding Corp.

2024 NY Slip Op 04957

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2023-07676
 (Index No. 704859/22)

[*1]Minqing Jin, respondent, 
v
Cheung's Holding Corp., appellant, et al., defendant.

Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for appellant.
Leandros A. Vrionedes, P.C., New York, NY (Jennifer A. Shafer of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Cheung's Holding Corp. appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered July 31, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint asserted against it.
ORDERED that the order is affirmed, with costs.
In June 2021, the plaintiff allegedly tripped and fell on a piece of metal protruding from a public sidewalk abutting property owned by the defendant Cheung's Holding Corp. (hereinafter CHC). The plaintiff commenced separate actions, which were subsequently consolidated, to recover damages for personal injuries against CHC and the City of New York. CHC moved for summary judgment dismissing the complaint asserted against it on the ground that the plaintiff tripped over the remnant of a City parking sign, for which CHC was not responsible. In an order entered July 31, 2023, the Supreme Court denied the motion. CHC appeals.
Administrative Code of the City of New York § 7-210 shifts tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner and imposes a duty upon the property owner to maintain the sidewalk in a reasonably safe condition (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171; Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797; Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520-521). Since section 7-210 is a legislative enactment in derogation of the common law which creates liability where none previously existed, it must be strictly construed (see Vucetovic v Epsom Downs, Inc., 10 NY3d at 521; Roman v Bob's Discount Furniture of NY, LLC, 116 AD3d 940, 941). In accordance with this limitation, courts have determined that section 7-210 does not extend sidewalk liability to a tree well (see Vucetovic v Epsom Downs, Inc., 10 NY3d at 521-522) or a city sign post on the sidewalk (see Smith v 125th St. Gateway Ventures, LLC, 75 AD3d 425, 425; see also Kelley v Incorporated Vil. of Hempstead, 138 AD3d 934, 935).
Here, in support of its motion, CHC failed to submit evidence sufficient to establish its prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. [*2]Ctr., 64 NY2d 851, 853). CHC failed to establish that the plaintiff tripped over the remnant of a City parking sign and that it had no duty to maintain the subject section of the sidewalk pursuant to section 7-210 of the Administrative Code (see generally Rivera v City of New York, 192 AD3d 932, 933; Harakidas v City of New York, 86 AD3d 624, 627-628). Since CHC failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CHC's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied CHC's motion for summary judgment dismissing the complaint asserted against it.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court