**Gonzalez v Trustees of Columbia Univ. in the City of N.Y.**

2024 NY Slip Op 34002(U)

November 12, 2024

Supreme Court, New York County

Docket Number: Index No. 157704/2018

Judge: J. Machelle Sweeting

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. J. MACHELLE SWEETING** | **PART** | **62** |
| | *Justice* | | |

------------------------------------------------------------------------------X

ADELA GONZALEZ,

                              Plaintiff,

                           - v -

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE
CITY OF NEW YORK, THE CITY OF NEW YORK

                             Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157704/2018 |
| **MOTION DATE** | 03/01/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46

were read on this motion to/for                 **JUDGMENT - SUMMARY**      .

In the underlying action, plaintiff ADELA GONZALEZ alleges that she was injured on June 22, 2017, at approximately 9:00 a.m., when she tripped and fell on the sidewalk near the southeast corner of West 168th Street and Saint Nicholas Avenue in the County, City, and State of New York.

Now pending before the court is a motion where defendant The City of New York (the "City") seeks an order, pursuant to Civil Practice Law and Rules 3212, granting summary judgment and dismissing all claims and cross-claims as against the City.

Standard for Summary Judgment

The function of the court when presented with a motion for summary judgment is one of issue finding, not issue determination (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]; Weiner v. Ga-Ro Die Cutting, Inc., 104 A.D.2d331 [Sup. Ct. App.

**157704/2018   GONZALEZ, ADELA vs. TRUSTEES OF COLUMBIA**         **Page 1 of 7**
**Motion No.  001**

Div. 1st Dept. 1985]). The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (Alvarez v. Prospect Hospital, 68 N.Y.2d 320 [NY Ct. of Appeals 1986]; Winegrad v. New York University Medical Center, 64 N.Y.2d 851 [NY Ct. of Appeals 1985]). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (Assaf v. Ropog Cab Corp., 153 A.D.2d 520 [Sup. Ct. App. Div. 1st Dept. 1989]). Summary judgment will only be granted if there are no material, triable issues of fact (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]).

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and failure to make such *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Alvarez v Prospect Hosp., 68 NY2d 320 [N.Y. Ct. of Appeals 1986]).

Further, pursuant to the New York Court of Appeals, "We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form;

**157704/2018   GONZALEZ, ADELA vs. TRUSTEES OF COLUMBIA**
**Motion No.  001**

**Page 2 of 7**

2 of 7

mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557 [N.Y. Ct. of Appeals 1980]).

City's *Prima Facie* Case

The City argues that it did not own the property abutting the sidewalk where plaintiff fell, and hence, the City is not liable pursuant to Section 7-210 of the Administrative Code of the City of New York. In support of this argument, the City submitted a sworn Affidavit by David Schloss, a Senior Title Examiner with the New York City Law Department, (NYSCEF Doc. No. 40), in which Mr. Schloss states that he personally conducted a search for the property abutting the sidewalk where plaintiff fell, namely 1150 Saint Nicholas Avenue, New York, New York, designated on the tax map as Block 2124, Lot 35. Mr. Schloss's search revealed that on the date plaintiff fell, the record title holder was the Trustees of Columbia University and not the City.

The City also submitted a sworn Affidavit by Brittany R. Fishman, an employee of the New York City Department of Finance (NYSCEF Doc. No. 39). Ms. Fishman stated that she personally conducted a search of the Property Tax System database for 1150 Saint Nicholas Avenue, New York, New York, designated on the tax map as Block 2124, Lot 35. The search showed that on the date plaintiff fell, this property was not owned by the City, and was not classified as a one-, two-, or three-family solely residential property.

Section 7-210 of the Administrative Code of the City of New York, states that "the owner of real property abutting any sidewalk, including, but not limited to; the intersection quadrant for corner property shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition." *N.Y. Admin. Code, N.Y.C., N.Y.* §7-210 (2003). The section further indicates that

**157704/2018   GONZALEZ, ADELA vs. TRUSTEES OF COLUMBIA**
**Motion No.  001**

**Page 3 of 7**

[* 3]

"[t]his subdivision shall not apply to one, two, or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes." *Id.* Also, "[n]otwithstanding any other provision of law, the city shall not be liable for any injury to property or personal injury, including death, proximately caused by the failure to maintain sidewalks (other than sidewalks abutting one-, two-or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes) in a reasonably safe condition." *Id.*

Here, the City has submitted evidence that shows it did not own the property abutting the accident location on the day plaintiff fell, as such property was owned by defendant The Trustees of Columbia University in the City of New York ("Columbia"). Notably, Columbia did not file opposition papers to the City's motion, and plaintiff (whose opposition papers are discussed below) does not dispute that the City was not the owner of the abutting property. Given this, the court finds that the City has satisfied its *prima facie* burden for summary judgment, and the burden now shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact.

Opposition by Plaintiff

The only opposition was filed by plaintiff, who argues that even though the City did not own the land abutting the accident location, the City is nevertheless liable because it affirmatively caused or created the subject defect.

Plaintiff argues, first, that the February 3, 2022 deposition testimony of Alfred Arce, Jr., a superintendent for Trustees of Columbia University, established that "the flagstones were installed by the City." Second, plaintiff argues that records from the City's records search revealed that the

**157704/2018   GONZALEZ, ADELA vs. TRUSTEES OF COLUMBIA**
**Motion No.  001**

**Page 4 of 7**

4 of 7

City "caused and created" the defect insofar as the City had prior written notice of the defect because it received two 311 complaints. Third, plaintiff argues that the City created the defect by improperly installing the sidewalk in the first place, in violation of Administrative Code 19-152, which generally, requires that sidewalk flags be even with each other.

To argue that a municipality affirmatively created a dangerous condition, a plaintiff must show that the work by such municipality "immediately results" in the existence of said dangerous condition (Yarborough v City of New York, 10 NY3d 726 [2008]). "The eventual emergence of a dangerous condition as a result of wear and tear and environmental factors does not constitute an affirmative act of negligence" (Martin v City of New York, 191 AD3d 152 [1st Dept 2020]). A plaintiff's "contention that the roadway was foreseeably caused to deteriorate over time from weather conditions and vehicular traffic is not the type of affirmative act of negligence that immediately results in the existence of a dangerous condition" (Kales v City of New York, 169 AD3d 585 [1st Dept 2019]).

Here, plaintiff generally argues that the City created the defect that caused plaintiff to fall because the City installed the sidewalk, or performed work on the sidewalk, or both. Importantly, however, plaintiff did not cite or suggest any dates as to when such work may have taken place, and there is nothing on this record to suggest that the City performed work shortly before June 22, 2017, the date plaintiff fell.

Further, the first 311 complaint referenced by plaintiff was made on December 16, 2015, which was 1.5 years before plaintiff fell (NYSCEF Doc. No. 41, page 368); and the second 311 complaint referenced by plaintiff was made on June 9, 2016, more than one year before plaintiff fell (NYSCEF Doc. No. 41, page 376). This timeline does not support plaintiff's arguments, as

**157704/2018   GONZALEZ, ADELA vs. TRUSTEES OF COLUMBIA**
**Motion No.  001**

**Page 5 of 7**

the sidewalk could have been damaged by any number of unnamed parties between the time the 311 calls were made in 2015 and 2016, and plaintiff's fall in 2017.

Even if plaintiff is correct that the City installed the flagstones in violation of section 19-152, such flagstones, there is nothing on this record to show that the City performed work on the subject sidewalk that *immediately resulted* in the condition that allegedly caused plaintiff's accident.

*See also, e.g.,* Cardona v City of New York, 305 AD2d 303 (1st Dept 2003) ("Even if it is assumed that defendant dug the trench from which certain pavement cracks seem to originate, plaintiffs' proof does not permit a reasonably reliable inference that the defect was a consequence of defendant's [the "City's] allegedly negligent work, rather than normal pavement deterioration over time [citations omitted]"); Cross v City of New York, 32 Misc 3d 1219(A) (NY Sup Ct 2011) ("While there was some evidence that City performed [repairs] at or near the accident site more than seven years before the accident, there was legally insufficient proof that the defective condition existed immediately upon the City's completion of the repair work, or that the deterioration was caused by the City's repairs, instead of developing over a period of time."

Finally, the court notes, again, that defendant Columbia does not oppose the City's general argument that it was Columbia, and not the City, that was responsible for the sidewalk where plaintiff fell.

**157704/2018   GONZALEZ, ADELA vs. TRUSTEES OF COLUMBIA**
**Motion No.  001**

**Page 6 of 7**

[* 6]

Conclusion

For the reasons cited above, it is hereby:

**ORDERED** that the City's motion is **GRANTE**D; and it is further

**ORDERED** that the Complaint and any cross-claims are dismissed as against the City; and it is further

**ORDERED** that the caption is amended as to remove the City as a named defendant; and it is further

**ORDERED** that this action is randomly reassigned to a General IAS part; and it is further

**ORDERED** that counsel for the City must serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

| **11/12/2024** | | | | |
| --- | --- | --- | --- | --- |
| **DATE** | | | **J. MACHELLE SWEETING, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157704/2018   GONZALEZ, ADELA vs. TRUSTEES OF COLUMBIA**
**Motion No.  001**

Page 7 of 7

7 of 7

[* 7]